UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

ELLEN MARTINEZ LEBOEUF, ET AL          CIVIL ACTION NO.

      PLAINTIFFS

v.                                     JUDGE:

ENTERGY CORPORATION, ITS
EMPLOYEE BENEFITS COMMITTEE             MAGISTRATE JUDGE:
AND T. ROWE PRICE TRUST COMPANY

      DEFENDANTS

**************************************************************************

## COMPLAINT

**NOW COME** plaintiffs, Ellen Martinez LeBoeuf, individually and as Administratrix of the Estate of Alvin Martinez, Kara Maria Bachman, Merol Martinez Wells, and Andre J. Martinez, who respectfully allege as follows:

### PARTIES

1.

Individual plaintiffs are Ellen Martinez LeBoeuf, a resident of Prairieville, Louisiana; Kara Maria Bachman, a resident of Lacombe, Louisiana, Merol Martinez Wells, a resident of Slidell, Louisiana; and Andre J. Martinez, a resident of San Antonio, Texas. They are sometimes hereinafter collectively referred to as the Martinez Beneficiaries.

2.

Following his passing on September 6, 2021, the Estate of Alvin Martinez was opened in the Chancery Court of Pearl River County, Mississippi, and Ellen Martinez

1

LeBoeuf was duly appointed as the Administratrix of his estate and appears herein on behalf of the Estate of Alvin Martinez as plaintiff.

3.

Defendant Entergy Corporation ("Entergy") is a Delaware Corporation with its principal place of business in New Orleans, Louisiana.

4.

Defendant Entergy Corporation Employee Benefits Committee ("Entergy EBC") is the Plan Administrator for the Savings Plan of Entergy.  Entergy EBC is domiciled and administers the Savings Plan in Orleans Parish, Louisiana.

5.

Defendant T. Rowe Price Trust Company ("T. Rowe Price") is the Trustee of the Savings Plan of Entergy Corporation. It is a Maryland-chartered trust company with its headquarters and principal place of business in Baltimore, Maryland.

## JURISDICTION AND VENUE

6.

Venue is proper in this Court pursuant to 28 U.S. Code § 1391 as the Entergy Savings Plan is administered and a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

7.

Subject matter jurisdiction is proper in this Court as plaintiffs' claims arise under the Employee Retirement Income Security Act of 1974 ("ERISA").

## FACTUAL ALLEGATIONS

8.

Alvin Martinez ("Alvin") and Magdalen Comeaux Martinez ("Magdalen") were married on November 26, 1966 in Thibodaux, Louisiana.  The individual plaintiffs were all born issue of this marriage.  Alvin and Magdalen had no other children.

9.

From 1966 until 1999, Alvin and Magdalen lived in Louisiana under Louisiana's community property regime. In 1999, Alvin and Magdalen moved to Picayune, Mississippi.

10.

Alvin and Magdalen remained married until Magdalen passed away on January 14, 2002.  She died intestate.

11.

Alvin was employed as an electrical engineer by Entergy or its corporate predecessors from 1967 until his retirement in 2003.

12.

Starting in 1967, seven years prior to the passage of ERISA, using funds from the community of acquets and gains between he and Magdalen, Alvin started contributing to his 401k retirement account with Entergy ("the Entergy Savings Plan").  Alvin's contributions to the Entergy Savings Plan ceased when his employment with Entergy ceased in 2003.

13.

In 2010, Alvin named the Martinez Beneficiaries as his sole designated beneficiaries of his Entergy Savings Plan and submitted an appropriate designation of beneficiary form to Entergy.

14.

In 2014, 11 years after he retired from Entergy, Alvin married Kathleen Mire. At no time were any funds from the marriage between Alvin and Kathleen Mire used to contribute to Alvin's Entergy Savings Plan.

15.

Alvin was in an auto accident on May 4, 2021, and passed away from the injuries sustained in that accident on September 6, 2021.

16.

At the time of Alvin's passing, the Martinez Beneficiaries remained the sole designated beneficiaries of his Entergy Savings Plan.

17.

For many years prior to his death, Alvin repeatedly told the Martinez Beneficiaries and others that the funds in his Entergy Savings Plan were earmarked for the Martinez Beneficiaries as he had a decades-long dream of leaving his children with a substantial inheritance.

18.

Even though he could have made withdrawals beginning at age 59 ½ without penalty, Alvin never withdrew any funds from the Entergy Savings Plan other than

4

the required minimum distributions mandated by law once he reached age 70 ½, as he desired to keep as much money as possible in the account until his passing.

19.

Alvin was extremely proud of the fact that through decades of sacrifice and shrewd investment strategy, he was able to use his Entergy Savings Plan to build a substantial legacy for the Martinez Beneficiaries and Alvin often discussed with family and friends how well the investments in his Entergy Savings Plan were performing and how excited he was for his children to benefit from them. At the time of Alvin's passing, the funds in his Entergy Savings Plan totaled approximately $3,000,000.

20.

When Alvin married Kathleen Mire, they entered into an agreement by which they would each contribute approximately $1,500 towards monthly expenses. Further, they agreed that any funds held in accounts they brought into the marriage would be kept separate, specifically the funds in Alvin's Entergy Savings Plan. Alvin and Kathleen Mire agreed that those funds would be paid to the Martinez Beneficiaries upon his passing.

21.

After her marriage to Alvin, Kathleen Mire repeatedly acknowledged to the Martinez Beneficiaries and others that she had agreed to the distribution of the funds in Alvin's Entergy Savings Plan to the Martinez Beneficiaries after Alvin's passing and that she had no ownership interest in those funds.

22.

Following Alvin's death, Kathleen Mire continued to acknowledge to the Martinez Beneficiaries and others that the funds in Alvin's Entergy Savings Plan belonged to the Martinez Beneficiaries and that she had no interest in those funds.

23.

After Alvin passed away, the Martinez Beneficiaries worked with Entergy and the Trustee of the Entergy Savings Plan, T. Rowe Price, to supply the necessary documentation of Alvin's death such that the funds in his Entergy Savings Plan could be distributed to them as per the designation of beneficiaries.

24.

On September 28, 2021, plaintiff Merol Martinez Wells spoke with an Entergy survivor benefits specialist to report Alvin's death and complete the necessary paperwork to pay the funds in Alvin's Entergy Savings Plan to the Martinez Beneficiaries. At that time, the specialist confirmed that they had on record that Alvin had remarried and was married to Kathleen Mire at his death. However, during that call, there was no suggestion that the funds in Alvin's Entergy Savings Plan would not be paid to the Martinez Beneficiaries.

25.

Kathleen Mire was enrolled in Entergy's Employee Retiree Welfare Benefits program through her marriage to Alvin, and Entergy communicated directly with Kathleen Mire regarding the Entergy-sponsored benefits she received.

26.

On or about October 27, 2021, Nicholas Crance of T. Rowe Price informed the Martinez Beneficiaries that Entergy had directed payment of the entirety of the funds in the Entergy Savings Plan to Kathleen Mire, notwithstanding that the Martinez Beneficiaries were the sole designated Entergy Savings Plan beneficiaries of record with Entergy and T. Rowe Price.  Per the directive from Entergy, T. Rowe Price paid the funds in Alvin's Entergy Savings Plan to Kathleen Mire.

27.

Entergy and the Entergy EBC never communicated to the Martinez Beneficiaries that their father's designation of beneficiaries would be ignored and that they were directing payment of the funds in Alvin's Entergy Savings Plan to Kathleen Mire.

28.

The Martinez Beneficiaries requested that the Entergy EBC reverse its decision to pay the funds in Alvin's Entergy Savings Plan to Kathleen Mire and to pay those funds instead to them in accordance with the longstanding wishes of Alvin Martinez and the designation of beneficiaries of record.  On March 10, 2022, the Entergy EBC denied the claim of the Martinez Beneficiaries.

29.

On June 8, 2022, an appeal of the denial of the Martinez Beneficiaries' claim was lodged with the Entergy Savings Plan Claims Administrator.  On August 4, 2022, the Claims Administrator for the Entergy Savings Plan denied the appeal.  Plaintiffs

have exhausted all administrative remedies, and their claim is now ripe for consideration by this Court.

30.

The Entergy EBC advised that its decision to refuse to acknowledge Alvin Martinez's designation of beneficiaries is based upon its view that ERISA law mandated payment to the surviving spouse, contrary to the designation of beneficiary form on file, because Kathleen Mire as the surviving spouse had not executed a waiver form.

31.

T. Rowe Price was the custodian of the Entergy Savings Plan, holder of the funds, and designated Entergy Savings Plan Trustee.

32.

T. Rowe Price was responsible for sending Alvin his Entergy Savings Plan statements, which he was keenly interested in, and these statements were the method by which he learned about the performance of his investments. These statements showed just how substantial his account had become over the years.

33.

T. Rowe Price issued at least 50 quarterly Entergy Savings Plan statements to Alvin after he filed his designation of beneficiaries, 25 of which were issued after his marriage to Kathleen, and each one prominently displayed the following beneficiary information:

| BENEFICIARY INFORMATION | | | |
|---|---|---|---|
| | Name | Relationship | Percentage |
| Primary Beneficiary | Kara M Bachman | Non-spouse | 25.0% |
| Primary Beneficiary | Ellen C Leboeuf | Non-spouse | 25.0% |
| Primary Beneficiary | Andre J Martinez | Non-spouse | 25.0% |
| Primary Beneficiary | Merol L Wells | Non-spouse | 25.0% |

The T. Rowe Price Entergy Savings Plan statements provided no information to alert Alvin that remarriage would invalidate his choice to leave the Entergy Savings Plan proceeds to his children unless his new wife executed a waiver form, as Entergy claims was required for his designation of beneficiaries to be honored.

34.

The T. Rowe Price Entergy Savings Plan statements continually reinforced to Alvin that his designation of beneficiaries leaving the plan proceeds to the Martinez Beneficiaries was still in place after his marriage to Kathleen Mire and that his decades-long desire to have his children receive the funds in his Entergy Savings Plan would be honored.

35.

At no time did T. Rowe Price advise Alvin in any manner that a subsequent remarriage would invalidate and render null his designation of beneficiaries that was prominently displayed by T. Rowe Price in each quarterly Entergy Savings Plan account statement.

36.

Any notice provided by Entergy or the Entergy EBC to Alvin that remarriage would invalidate his designation of beneficiaries was wholly inadequate, buried boilerplate language in lengthy "summary plan descriptions" that contain no

information regarding Alvin's investments.  As such, the summary plan descriptions would not excite the attention of a reasonable, long-retired employee like Alvin to realize there might be a problem with a designation of beneficiaries on record supplied some 11 years prior to his death.

37.

Entergy and the Entergy EBC knew, or should have known, that a retiree in Alvin's position would have no cause to review summary plan descriptions issued after his retirement in 2003 because Entergy and the Entergy EBC were prohibited by law from amending the Entergy Savings Plan to effect any changes to the benefits he had already earned.

38.

At no time did Entergy or the Entergy EBC take any steps to communicate with Alvin after Entergy acquired actual knowledge of his remarriage to let him know that his designation of beneficiary form on record was invalid unless his wife executed a spousal waiver form.

39.

If Alvin had been adequately informed of the need to have Kathleen Mire execute a spousal waiver form and not misled concerning the validity of his designation of beneficiaries, he would have promptly requested that she execute the waiver.  Because she was fully supportive of Alvin's plan to have the Martinez Beneficiaries receive all funds in the Entergy Savings Plan, Kathleen Mire would have executed the spousal waiver form when requested to do so by Alvin.

10

## CAUSE OF ACTION - BREACH OF FIDUCIARY DUTY

### 40.

Entergy, Entergy EBC, and T. Rowe Price are fiduciaries of the Entergy Savings Plan under ERISA law and accordingly owed obligations to Alvin Martinez and the Martinez Beneficiaries to discharge their duties with the care, skill, prudence, and diligence that a prudent man acting in like capacity and familiar with such matters would use.

### 41.

As ERISA fiduciaries, Entergy, Entergy EBC, and T. Rowe Price owed a fiduciary duty to communicate truthfully and accurately to Alvin Martinez and the Martinez Beneficiaries concerning the Entergy Savings Plan and the beneficiary designation of record and not to withhold information that it knew would be harmful to withhold.

### 42.

Entergy, Entergy EBC, and T. Rowe Price breached their duty to not misrepresent plan provisions by affirmatively confirming Alvin's designation of the Martinez Beneficiaries as plan beneficiaries on dozens of occasions through the quarterly plan statements, including seven years of plan statements after he remarried, and not adequately calling Alvin's attention to the fact that his designation of beneficiaries would not be honored, as a result of which, Alvin was misinformed and misled.

43.

Although Alvin was a highly intelligent, degreed electrical engineer, there is a plethora of evidence that, due to the failures to adequately inform and the misrepresentations made by Entergy, Entergy EBC, and T. Rowe Price, he had no idea that his designation of beneficiaries would not be honored. His lifelong dream of leaving a substantial legacy to his children was dashed because he did not know he needed to get Kathleen Mire to execute a waiver form.

44.

As a result of the breach of fiduciary duties owed by Entergy, Entergy EBC and T. Rowe Price, plaintiffs are entitled to equitable relief consisting of the establishment of a constructive trust of the funds contained in Alvin Martinez's Entergy Savings Plan at the time of his passing, restitution and surcharge in the form of monetary compensation to plaintiffs for the loss sustained as a result of the breach of fiduciary duties owed to them, for reasonable attorney's fees, and such other relief as the Court may deem appropriate.

**PRAYER**

**WHEREFORE**, Ellen Martinez LeBoeuf, individually and as Administratrix of the Estate of Alvin Martinez, Kara Maria Bachman, Merol Martinez Wells, and Andre J. Martinez pray that their complaint be filed and duly served and after all due proceedings be had that there be a judgment entered in their favor and against Entergy Corporation, Entergy Corporation Employee Benefits Committee, and T. Rowe Price Trust Company for equitable relief consisting of the establishment of a

constructive trust of the funds contained in Alvin Martinez' Entergy Savings Plan at the time of his passing, restitution, and surcharge in the form of monetary compensation to plaintiffs for the loss sustained as a result of the breach of fiduciary duties owed to them, for reasonable attorney's fees, court costs, legal interest and such other relief as the Court may deem appropriate.

Respectfully submitted,

**JONES FUSSELL, LLP**


s/John R. Walker
**John R. Walker (La. Bar 02165)**
**Andrew J. Walker (La. Bar No. 39056)**
P.O. Box 1810
Covington, Louisiana 70434-1810
(o) 985-892-4801
(f) 985-259-8003
johnwalker@jonesfussell.com
awalker@jonesfussell.com
***Counsel for Ellen Martinez LeBoeuf, Individually and as Administratrix of the Estate of Alvin Martinez, Kara Maria Bachman, Merol Martinez Wells, and Andre J. Martinez***

13