**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**ELLEN MARTINEZ LEBOEUF, et al.,**

      **Plaintiffs,**                                 **CIVIL ACTION**

**v.**                                               **Case No. 23-6257**

**ENTERGY CORPORATION,**               **SECTION "B" (4)**
**ENTERGY CORPORATION EMPLOYEE**
**BENEFITS COMMITTEE, and**               **Judge Ivan L.R. Lemelle**
**T. ROWE PRICE TRUST COMPANY,**

                                              **Magistrate Judge Karen Wells**
       **Defendants.**                                 **Roby**

_____/

**DEFENDANTS ENTERGY CORPORATION AND ENTERGY CORPORATION**
**EMPLOYEE BENEFITS COMMITTEE'S MEMORANDUM OF LAW**
**<u>IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT</u>**

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ..........................................................................................................................1

FACTS .........................................................................................................................................1

LEGAL STANDARD..................................................................................................................8

ARGUMENT ...............................................................................................................................8

    I.     PLAINTIFFS' BREACH OF FIDUCIARY DUTY CLAIM FAILS AS A
          MATTER OF LAW BECAUSE IT IS NOTHING MORE THAN A THINLY
          DISGUISED CLAIM FOR BENEFITS...........................................................................8

    II.    PLAINTIFFS' BREACH OF FIDUCIARY DUTY CLAIM FAILS AS A
          MATTER OF LAW BECAUSE PLAINTIFFS DO NOT ALLEGE SUFFICIENT
          FACTS TO SUPPORT THEIR CLAIM .......................................................................13

    III.   THE BREACH OF FIDUCIARY DUTY CLAIM AGAINST ENTERGY FAILS
          FOR THE ADDITIONAL REASON THAT ENTERGY IS NOT A PLAN
          FIDUCIARY.................................................................................................................16

CONCLUSION...........................................................................................................................18

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ................................................................................................................ 8

*Bannistor v. Ullman,*
    287 F.3d 394 (5th Cir. 2002) .............................................................................................. 17

*Barrileaux v. Hartford Life & Acc. Ins. Co.,*
    No. 12-1542, 2014 WL 3778744 (E.D. La. July 29, 2014) ................................................. 17

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007) ................................................................................................................ 8

*Bicknell v. Lockheed Martin Grp. Benefits Plan,*
    410 F. App'x 570 (3d Cir. 2011) ........................................................................................ 14

*Brand v. Liberty Life Assurance Co. of Boston,*
    No. 17-12094, 2018 WL 620050 (E.D. La. Jan. 29, 2018) ......................................... 1, 10, 13

*Brown v. Lippard,*
    350 F. App'x 879 (5th Cir. 2009) ........................................................................................ 7

*Callegari v. Scottrade, Inc.,*
    No. 16-1750, 2016 WL 4210841 (E.D. La. Aug. 10, 2016) ................................................ 5

*Chero-Key Piping Co. v. Great-W. Life & Annuity Ins. Co.,*
    No. CIVA H-08-2696, 2010 WL 1169957 (S.D. Tex. Mar. 23, 2010) ................................ 17

*Crowley ex rel. Corning, Inc, Inv. Plan v. Corning, Inc.,*
    234 F. Supp. 2d 222 (W.D.N.Y. 2002) ............................................................................... 17

*Currier v. Entergy Corp. Emp. Benefits Comm.,*
    No. 16-2793, 2016 WL 6024531 (E.D. La. Oct. 14, 2016) ................................................ 17

*D'Amico v. CBS Corp.,*
    297 F.3d 287 (3d Cir. 2002) ............................................................................................... 12

*Ehlmann v. Kaiser Found. Health Plan of Tex.,*
    198 F.3d 552 (5th Cir. 2000) ................................................................................................ 1

*Galvan v. SBC Pension Benefit Plan,*
    204 F. App'x 335 (5th Cir. 2006) .................................................................................. 10-11

*Halaris v. Viacom, Inc.,*
    No. 3:06-CV-1646-N, 2008 WL 3855044 (N.D. Tex. Aug. 19, 2008) ................................ 17

*Haydel v. Dow Chem. Co.*,
  No. 07-71-JJB, 2007 WL 9706565 (M.D. La. July 19, 2007) .................................10-11, 13

*Huerta v. Metro. Life Ins. Co.*
  No. CV H-19-1107, 2020 WL 974943 (S.D. Tex. Jan. 22, 2020) ...................................14-15

*Hurwitz v. Sher*,
  982 F.2d 778 (2d Cir. 1992)................................................................................. 15

*Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Ga., Inc.*,
  892 F.3d 719 (5th Cir. 2018) .............................................................................9-10

*In re Unisys Corp. Retiree Med. Benefits ERISA Litig.*,
  579 F.3d 220 (3d Cir. 2009) ........................................................................... 1, 13

*James v. Pirelli Armstrong Tire Corp.*,
  305 F.3d 439 (6th Cir. 2002) ............................................................................. 13

*Langbecker v. Elec. Data Sys. Corp.*,
  476 F.3d 299 (5th Cir. 2007) ............................................................................. 13

*Lasche v. George W. Lasche Basic Profit Sharing Plan*,
  111 F.3d 863 (11th Cir. 1997) ...................................................................5, 12, 15

*Lester v. Reagan Equip. Co. Profit Sharing Plan & Empl. Sav. Plan*,
  No. 91-2946, 1992 WL 211611 (E.D. La. Aug. 19, 1992) ............................................. 5

*Long v. Aetna Life Ins. Co.*,
  No. 14-403, 2014 WL 4072026 (E.D. La. Aug. 18, 2014) .......................................2, 10-13

*Lovelace v. Software Spectrum Inc.*,
  78 F.3d 1015 (5th Cir. 1996) ............................................................................. 7

*Lormand v. US Unwired, Inc.*,
  565 F.3d 228(5th Cir. 2009) .............................................................................. 2

*McCall v. Burlington N./Santa Fe Co.*,
  237 F.3d 506 (5th Cir. 2000) ............................................................................. 9

*Oglesby v. AT&T Corp.*,
  527 F. Supp. 2d 528 (N.D. Tex. 2006) .................................................................. 16

*Pedersen v. Kinder Morgan Inc.*,
  622 F. Supp. 3d 520 (S.D. Tex. 2022) .................................................................. 17

*Ristow v. Hansen*,
  719 F. App'x 359 (5th Cir. 2018) ......................................................................... 8

iv

*Robbins v. Robbins*,
No. 1:99CV303-D-D, 2000 WL 33207648 (N.D. Miss. Jan. 26, 2000) ......................... 15-16

*Ryan v. Nat'l Football League, Inc.*,
No. 19-1811, 2019 WL 3430259 (E.D. La. July 30, 2019) ................................................. 17

*Shadow v. Cont'l Airlines, Inc.*,
No. SA06CA-619XR, 2006 WL 3691037 (W.D. Tex. Dec. 11, 2006) ........................... 11-12

*Stout v. Smith Int'l Inc.*,
No. 6:22-CV-06036, 2023 WL 2942484 (W.D. La. Mar. 29, 2023) ......................... 10-11, 13

*Switzer v. Wal-Mart Stores, Inc.*,
52 F.3d 1294 (5th Cir. 1995) ....................................................................................... 14-15

*Taylor v. Charter Med. Corp.*,
162 F.3d 827 (5th Cir. 1998) ............................................................................................. 7

*Tolson v. Avondale Indus., Inc.*,
141 F.3d 604 (5th Cir. 1998) ............................................................................................. 9

*Torrence v. New Orleans Elec. Pension & Annuity Plan*,
No. 17-1500, 2017 WL 3158148 (E.D. La. July 25,  2017) ........................................ 9-10, 13

*Wache v. Inter-Cont'l Hotels Corp.*,
No. 96-CV-3056, 1997 WL 599308 (E.D. La. Sept. 25, 1997) ......................................... 15

*White v. HCA, Inc.*,
240 F. Supp. 2d 600 (E.D. La. 2002) ............................................................................... 17

*Zerangue v. Lincoln Nat'l Life Ins. Co.*,
No. 19-1939, 2019 WL 2058984 (E.D. La. May 9, 2019) .................................................. 2

**Statutes**

26 U.S.C. § 401 ...........................................................................................................2, 4

26 U.S.C. § 417 ...............................................................................................................4

29 U.S.C. § 1021 .............................................................................................................3

29 U.S.C. § 1024 .............................................................................................................3

29 U.S.C. § 1055 ...................................................................................................4, 12, 15

29 U.S.C. § 1132 .............................................................................................. 1, 7-13, 18

**Other Authorities**

S. Rep. No. 98–575 (1984) ..........................................................................................................5

## INTRODUCTION

Plaintiffs have sued Defendants Entergy Corporation ("Entergy"), the Entergy Corporation Employee Benefits Committee (the "Committee"), and T. Rowe Price Trust Company ("T. Rowe Price"), purporting to assert a breach of fiduciary duty claim under Section 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"). As shown below, Plaintiffs' breach of fiduciary claim fails as a matter of law because the factual allegations reveal it is nothing more than a claim for benefits disguised as a fiduciary breach claim that must be brought under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). *See, e.g.*, *Brand v. Liberty Life Assurance Co. of Boston*, No. 17-12094, 2018 WL 620050, at *2 (E.D. La. Jan. 29, 2018) (dismissing plaintiff's breach of fiduciary claim *with prejudice* because plaintiff could bring benefits claim under Section 502(a)(1)(B)).

Even if Plaintiffs were allowed to assert a breach of fiduciary duty claim under ERISA (which they are not), Plaintiffs have failed to allege facts to support a breach of fiduciary duty claim that is plausible on its face. *See, e.g.*, *Ehlmann v. Kaiser Found. Health Plan of Tex.*, 198 F.3d 552, 555-56 (5th Cir. 2000); *In re Unisys Corp. Retiree Med. Benefits ERISA Litig.*, 579 F.3d 220, 228 (3d Cir. 2009). Finally, Entergy is not a fiduciary under the benefit plan at issue and does not owe a fiduciary duty to Plaintiffs; therefore, any claims against it should be dismissed on this basis alone. For these reasons and those set forth below, Plaintiffs' claim against Entergy and the Committee should be dismissed in its entirety.

## FACTS

Alvin J. Martinez ("Martinez") was employed by Entergy Services, Inc. ("ESI"), an affiliate of Entergy, until his retirement on December 15, 2003. (*See* Doc. 1, Compl. ¶¶ 8-12). While employed by ESI, Martinez participated in the Savings Plan of Entergy Corporation and Subsidiaries ("Savings Plan" or "Plan"), a tax-qualified defined contribution plan under Internal

1

Revenue Code Section 401(a) that is also an employee pension benefit plan subject to ERISA. (Ex. A, Plan).[1]

During his employment with ESI, Martinez was married to Magdalen Martinez, who died in 2002. More than eight years after his first wife's death, Martinez executed a Designation of Beneficiary Form, in which he named his four adult children as beneficiaries of his Savings Plan account. (*See* Doc. 1, Compl. ¶¶ 2, 8, 13). The very first two paragraphs of the Designation of Beneficiary Form executed by Martinez disclosed, in pertinent part:

> If you are married, your entire vested account in the plan will be paid to your surviving spouse after you die, unless you designate someone else as your primary beneficiary and your spouse consents, by completing the Consent of Spouse section of this form. Your spouse's signature must be notarized.
>
> ***If you become married or marry a different person after you sign this form, be sure to update this form because a later marriage will automatically revoke your prior beneficiary designation.***

(Ex. B, Designation of Beneficiary Form (emphasis added)).[2]

Throughout his time as a participant in the Plan, Martinez received several Summary Plan Descriptions, which the Plan was required to furnish to participants generally every five years. *See*

---

[1]    A true and correct copy of the Plan is attached as Exhibit A. When ruling on a motion to dismiss, courts may consider documents incorporated by reference into the complaint and that are central to the claims asserted. *See, e.g.*, *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 251 (5th Cir. 2009) ("[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."); *Zerangue v. Lincoln Nat'l Life Ins. Co.*, No. 19-1939, 2019 WL 2058984, at *2 & n.1 (E.D. La. May 9, 2019) (considering plan documents at motion to dismiss stage); *Long v. Aetna Life Ins. Co.*, No. 14-403, 2014 WL 4072026, at *3 & n.31 (E.D. La. Aug. 18, 2014) (considering plan document and summary plan descriptions at motion to dismiss stage because they were referenced in complaint).

[2]    A true and correct copy of Martinez's Designation of Beneficiary Form dated April 20, 2010, is attached as Exhibit B.  This Designation of Beneficiary Form is expressly referenced in the Complaint and is central to Plaintiffs' claim.  (*See* Doc. 1, Compl. ¶ 13 (discussing Martinez's completion and submission of this Designation of Beneficiary Form)).

29 U.S.C. §§ 1021(a), 1024(b).  Plaintiffs acknowledge that Martinez received several Summary Plan Descriptions from the Plan.  (*See* Doc. 1, Compl. ¶¶ 36-37).

In fact, Martinez would have been sent no fewer than nine Summary Plan Descriptions between 1989 until 2021 while he was a participant in the Savings Plan.  Each of these Summary Plan Descriptions addresses the naming of beneficiaries and states that the participant's spouse is automatically the beneficiary of the Plan account <u>unless</u> the spouse provides his or her written consent, signed before a notary public or Plan representative, to the designation of another beneficiary.  (*See* Exhibit C, Summary Plan Description).[3]  Specifically, the numerous Summary Plan Descriptions mailed to Martinez by the Plan administrator during his participation in the Plan contained the following or substantially similar language:

> **Naming Your Beneficiary** . . . .
>
> You may designate online the person(s) who should receive your account in the event of your death . . . .
>
> **If you are married: your spouse is your beneficiary, unless your spouse agrees to your naming someone else as your beneficiary. If you wish to designate someone other than your spouse as your beneficiary, you must provide your spouse's notarized signature on the Savings Plan of Entergy Corporation and Subsidiaries Designation of Beneficiary Form**. If you use the participant website to designate someone other than your spouse as your beneficiary, you must print out the Savings Plan of Entergy Corporation and Subsidiaries Spousal Consent Form, obtain your spouse's notarized signature, and return the form to T. Rowe Price . . . .
>
> Some Points on Naming a Beneficiary:
>
> - **If you marry, your spouse automatically becomes your beneficiary, regardless of your previous designation, unless you provide your**

---

[3]     A true and correct copy of the Summary Plan Description effective as of July 2016 is attached as Exhibit C. The Summary Plan Description is expressly referenced in the Complaint and are central to Plaintiffs' claim. (*See* Doc. 1, Compl. ¶¶ 36-37 (discussing the Plan's Summary Plan Description)).

**spouse's notarized signature on the Savings Plan of Entergy Corporation and Subsidiaries Designation of Beneficiary Form**.

(*Id.* at 8 (emphasis added)).

The Designation of Beneficiary Form and the Summary Plan Description received by Martinez are wholly consistent with the Plan document itself, which expressly states that a participant may designate one or more beneficiaries, except that "**in the event a Participant or former Participant is married, such Beneficiary shall be deemed to be the Participant's or former Participant's surviving spouse**." (Ex. A, Plan § 2.06 (emphasis added)).

The Plan further provides that **a participant may change or revoke his beneficiary designation at any time, except that "such election by Participant or former Participant shall not be effective unless such surviving spouse provides written consent which acknowledges the effect of such election** and is witnessed by a Plan representative or a notary public." (*Id.* (emphasis added)).

It is not unusual or surprising that the Plan document, the Summary Plan Description, and the Designation of Beneficiary Form executed by Martinez <u>all</u> provide that a participant's spouse is the deemed beneficiary of his Savings Plan account and that the participant's beneficiary designation is invalid <u>unless</u> his spouse consents in writing to the designation. Both ERISA[4] and the Internal Revenue Code[5] <u>require</u> 401(k) plans to include this provision. Indeed, a plan that purports to be a tax-qualified 401(k) plan cannot qualify as a tax-exempt plan under the Internal Revenue Code unless it contains this provision. *See* 26 U.S.C. § 401(a)(11). This provision evidences the strong public policy and intent to protect the interests of surviving spouses of

---

[4]    ERISA §§ 205(a), 205(b)(1)(C)(i), and 205(c)(2); 29 U.S.C. §§ 1055(a), 1055(b)(1)(C)(i); and 1055(c)(2).

[5]    26 U.S.C. §§ 401(a)(11)(A), (B)(iii)(I), and 417(a)(2).

participants in tax-qualified employee pension benefit plans subject to ERISA and the Internal Revenue Code.[6]  Neither the Plan sponsor nor the Plan administrator has any discretion to provide otherwise.

 In January 2014, Martinez married his second wife, Kathleen Mire.  (*See* Doc. 1, Compl. ¶ 14).  Martinez died in September 2021, leaving behind Kathleen Mire, his surviving spouse of more than seven years, and his four adult children, Plaintiffs here.  (*Id.* ¶ 15).

During her seven-year marriage to Martinez, Kathleen Mire never executed a written waiver of her rights as beneficiary of Martinez's Savings Plan account and never consented in writing to his designation of his adult children as the beneficiaries of his Savings Plan account. (*See id.* ¶¶ 30, 38-39, 43).  Consequently, following Martinez's death, the Plan distributed Martinez's Savings Plan account to Kathleen Mire, his surviving spouse, as was required by ERISA, the Internal Revenue Code, and the terms of the Plan.  (*See id.* ¶ 26).

Upon learning that Martinez's Savings Plan account was paid to his surviving spouse, as was required by the Plan and federal law, Plaintiffs submitted a claim for benefits to the Plan, requesting that the Plan distribute the funds in Martinez's Savings Plan account as of his death to

---

[6]       The legislative history provides that the spousal consent requirement is intended "to improve the delivery of retirement benefits and provide for greater equity under private pension plans for workers and their spouses and dependents by taking into account changes in work patterns, the status of marriage as an economic partnership, and the substantial contribution to that partnership of spouses who work both in and outside the home."  S. Rep. No. 98–575, at 1 (1984). Indeed, "ERISA espouses a strong policy of protecting a surviving spouse's interest in plan benefits. 'Clearly, Congress intended to protect spouses' interests in a participant's benefits.'" *Callegari v. Scottrade, Inc.*, No. 16-1750, 2016 WL 4210841, at *5 (E.D. La. Aug. 10, 2016) (citations omitted); *accord Lester v. Reagan Equip. Co. Profit Sharing Plan & Empl. Sav. Plan*, No. 91-2946, 1992 WL 211611, at *5 (E.D. La. Aug. 19, 1992) ("[T]he clear intent of Congress in passing [ERISA] was to preserve the benefits of spouses." (citation omitted)); *Lasche v. George W. Lasche Basic Profit Sharing Plan*, 111 F.3d 863, 867 (11th Cir. 1997) (noting "the public policy of protecting spouses' rights to spousal retirement benefits" when awarding plan benefits to surviving spouse even though deceased participant designated children from previous marriage as his beneficiaries because technical requirements of 29 U.S.C. § 1055 were not followed).

them.  (*See id.* ¶¶ 27-29).  After careful consideration of Plaintiffs' claim for benefits, the claims

administrator for the Plan denied Plaintiffs' claim for benefits in a detailed, eight-page adverse

benefit determination, concluding that Martinez's Savings Plan account was required to be paid to

Kathleen Mire, his surviving spouse, pursuant to the Plan document and ERISA because Kathleen

Mire never executed a spousal waiver and consent to Martinez's designation of his adult children

as his beneficiaries.  (*See id.*; Exhibit D, Claims Administrator's Letter).[7]

Plaintiffs appealed the denial of their claim for benefits according to the Plan's ERISA

claims and appeals procedures.  On August 4, 2022, the Plan's claims appeal administrator issued

a final adverse benefit determination, denying Plaintiffs' appeal on the same grounds as the initial

claim for benefits was denied. (*See* Doc. 1, Compl. ¶ 29; Ex. E, Claims Appeal Administrator's

Letter).[8]  In sum, Plaintiffs were notified that Martinez's marriage to Kathleen Mire automatically

revoked his earlier beneficiary designation of his adult children as his beneficiaries, Kathleen Mire

automatically became the beneficiary of Martinez's Savings Plan account upon their marriage by

operation of federal law and the terms of the Plan, and Kathleen Mire never consented in writing

to Martinez's designation of his adult children as beneficiaries of his Savings Plan account.   (*Id.*).

Following the denial of their claim for benefits by the Plan's claims appeal administrator

(and prior to filing the instant litigation), Plaintiffs requested that Kathleen Mire turn over to them

the funds from Martinez's Savings Plan account.  (*See* Exhibit F, Plaintiffs' Mississippi State Court

---

[7]    A true and correct copy of the Claims Administrator's letter denying the benefit claim, dated March 10, 2022, is attached as Exhibit D.  This letter is expressly referenced in the Complaint and can be considered at the motion to dismiss stage.  (*See* Doc. 1, Compl. ¶ 28).

[8]    A true and correct copy of the Claims Appeal Administrator's letter denying the appeal, dated August 4, 2022, is attached as Exhibit E.  This letter is expressly referenced in the Complaint and can be considered at the motion to dismiss stage.  (*See* Doc. 1, Compl. ¶ 29).

Complaint).[9]  When Kathleen Mire refused to do so, Plaintiffs sued her in Mississippi state court for the funds in Martinez's Savings Plan account at his death.  Plaintiffs subsequently settled their claims against Kathleen Mire pursuant to a written settlement agreement, and on July 6, 2023, Plaintiffs' Mississippi state court lawsuit against Kathleen Mire was dismissed with prejudice upon the joint motion of Plaintiffs and Kathleen Mire.  (*See* Exhibit G, Agreed Judgment of Dismissal in Mississippi state court lawsuit).[10]

Plaintiffs filed the instant litigation on October 17, 2023.  Having exhausted the Plan's claims and appeals procedures, Plaintiffs had the ability to pursue their benefits claim in litigation pursuant to ERISA §502(a)(1)(B).  However, likely concerned about their ability to prevail on a benefits claim, given that the Plan document, ERISA, and the Internal Revenue Code all dictated that Martinez's Savings Plan account be distributed to his surviving spouse, Plaintiffs elected to pursue a breach of fiduciary duty claim against Defendants under ERISA § 502(a)(3) and are purporting to seek equitable relief in the form of  "a constructive trust of the funds contained in Alvin Martinez's Entergy Savings Plan at the time of his passing, restitution, and surcharge." (Doc. 1, Compl. ¶ 44).  Despite its label, Plaintiffs' breach of fiduciary duty claim is nothing more than a repackaged ERISA § 502(a)(1)(B) claim for benefits.   Plaintiffs' transparent attempt to

---

[9]     A true and correct copy of the complaint from that lawsuit is attached as Exhibit F.  The Court can take judicial notice of pleadings from other lawsuits.  *See Brown v. Lippard*, 350 F. App'x 879, 882 n.2 (5th Cir. 2009) (noting courts may take judicial notice of state court records and court pleadings from related case); *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 830 (5th Cir. 1998) (explaining courts may take judicial notice of pleadings and orders from prior lawsuits). The Court may consider matters subject to judicial notice at the motion to dismiss stage.  *See Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996).

[10]    A true and correct copy of the Agreed Judgment of Dismissal from the Mississippi state court lawsuit is attached as Exhibit G.  The settlement agreement between Plaintiffs and Mire was not filed in the record of the Mississippi state court lawsuit, and the amount and terms of Plaintiffs' settlement with Kathleen Mire have not been disclosed to Defendants.

disguise their claim for benefits as a breach of fiduciary duty claim is futile and the claim fails as a matter of law.

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Ristow v. Hansen*, 719 F. App'x 359, 362 (5th Cir. 2018) (citation omitted).

## ARGUMENT

Plaintiffs' breach of fiduciary duty claim against Entergy and the Committee fails as a matter of law because: (1) the Complaint's factual allegations reveal Plaintiffs' alleged claim is not a breach of fiduciary duty claim, but instead, a claim for benefits that must be brought under ERISA § 502(a)(1)(B); and (2) even if Plaintiffs could assert a breach of fiduciary duty claim (they cannot), Plaintiffs have not pled facts sufficient to state a plausible claim for breach of fiduciary duty. Finally, the breach of fiduciary duty claim against Entergy fails as a matter of law for the additional reason that Entergy is not a Plan fiduciary and does not owe a fiduciary duty to Martinez or Plaintiffs.

**I.  PLAINTIFFS' BREACH OF FIDUCIARY DUTY CLAIM FAILS AS A MATTER OF LAW BECAUSE IT IS NOTHING MORE THAN A THINLY DISGUISED CLAIM FOR BENEFITS**

The remedies sought by Plaintiffs are equitable in nature. (*See* Doc. 1, Compl. ¶ 44 (praying "for equitable relief consisting of the establishment of a constructive trust of the funds contained

in Alvin Martinez's Entergy Savings Plan at the time of his passing, restitution, and surcharge in the form of monetary compensation to plaintiffs for the loss sustained as a result of the breach of fiduciary duties owed to them")).  **A plaintiff may only bring a breach of fiduciary duty claim for equitable relief when <u>no</u> other remedy is available under ERISA.**  *See Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 733 (5th Cir. 2018) ("[A]n ERISA plaintiff may bring a claim for breach of fiduciary duty under 29 U.S.C. § 1132(a)(3) [ERISA § 502(a)(3)] when no other remedy is available."); *Tolson v. Avondale Indus., Inc.*, 141 F.3d 604, 610 (5th Cir. 1998) ("Because [the plaintiff] has adequate redress for disavowed claims through his right to bring suit pursuant to section 1132(a)(1) [ERISA § 502(a)(1)], he has no claim for breach of fiduciary duty under section 1132(a)(3) [ERISA § 502(a)(3)]."); *Torrence v. New Orleans Elec. Pension & Annuity Plan*, No. 17-1500, 2017 WL 3158148, at *2 (E.D. La. July 25,  2017) ("[Plaintiff] cannot bring a claim for equitable relief for breach of fiduciary duty if he has another remedy available. This includes a claim for denial of benefits under section 502(a)(1) [ERISA § 502(a)(1)].").  Stated differently, "[w]hen a beneficiary wants what was supposed to have been distributed under a plan, the appropriate remedy is a claim for denial of benefits under § 502(a)(1)(B) of ERISA rather than a fiduciary duty claim brought pursuant to [ERISA] § 502(a)(3)."  *McCall v. Burlington N./Santa Fe Co.*, 237 F.3d 506, 512 (5th Cir. 2000).

Despite the label, Plaintiffs' purported breach of fiduciary duty claim is nothing more than a run-of-the-mill ERISA § 502(a)(1)(B) claim for benefits because Plaintiffs are seeking benefits that they allege are owed to them under the terms of the Plan.  (*See* Doc. 1, Compl. ¶ 44 (alleging that Plaintiffs seek to recover "the funds contained in Alvin Martinez's Entergy Savings Plan at the time of his passing")); ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) (allowing a beneficiary to bring a civil action "to recover benefits due to him under the terms of his plan").

Accordingly, Plaintiffs' breach of fiduciary duty claim fails as a matter of law and should be dismissed. *See Torrence*, 2017 WL 3158148, at *2 (dismissing plaintiff's breach of fiduciary claim *with prejudice* and holding plaintiff was "precluded from bringing a [breach of fiduciary duty] claim for equitable relief under [ERISA] section 502(a)(3)" because he could bring a claim for benefits under ERISA Section 502(a)(1)(B)); *Brand*, 2018 WL 620050, at *2 (dismissing plaintiff's breach of fiduciary claim *with prejudice* because plaintiff could bring a claim for benefits under ERISA Section 502(a)(1)(B)).

Any argument that a court should not determine at the motion to dismiss stage whether a breach of fiduciary duty claim is nothing more than a disguised claim for benefits necessarily fails. Recognizing that denial of benefits claims "are often disguised as breach of fiduciary duty claims,"[11] courts routinely dismiss claims that are not true breach of fiduciary duty claims, but rather, are merely repackaged claims for benefits. *See Torrence*, 2017 WL 3158148, at *2; *Long*, 2014 WL 4072026, at *5; *Haydel v. Dow Chem. Co.*, No. 07-71-JJB, 2007 WL 9706565, at *2 (M.D. La. July 19, 2007). Courts that have undertaken this analysis have found that purported "[f]iduciary claims amount to benefits claims when 'resolution of the claims rests upon an interpretation and application of an ERISA-regulated plan rather than on an interpretation and

---

[11]    *See, e.g., Stout v. Smith Int'l Inc.*, No. 6:22-CV-06036, 2023 WL 2942484, at *2 (W.D. La. Mar. 29, 2023), *r&r adopted*, No. 6:22-CV-06036, 2023 WL 2938343 (W.D. La. Apr. 13, 2023). Plaintiffs are attempting to disguise their claim for benefits as a breach of fiduciary claim because they undoubtedly know their benefit claim under Section 502(a)(1)(B) is doomed, given that the Plan document, ERISA and the Internal Revenue Code all required Martinez's Savings Plan account to be paid to his surviving spouse. But the likelihood of Plaintiffs prevailing on their Section 502(a)(1)(B) benefits claim does not impact the analysis of whether Plaintiffs may assert a breach of fiduciary duty claim under Section 502(a)(3). *See Innova Hosp.*, 892 F.3d at 733 ("Simply because a plaintiff does not prevail on a § 1132(a)(1) [ERISA § 502(a)(1)] claim does not make viable an alternative claim under § 1132(a)(3) [ERISA § 502(a)(3)]."); *Torrence*, 2017 WL 3158148, at *2 ("[T]hat an ERISA plaintiff may ultimately be unsuccessful in his or her claim for denial of benefits does not make a claim under [ERISA §] 502(a)(3) viable.").

application of ERISA.'" *Long*, 2014 WL 4072026, at *5 (quoting *Galvan v. SBC Pension Benefit Plan*, 204 F. App'x 335, 339 (5th Cir. 2006)); *accord Stout*, 2023 WL 2942484, at *2 (same); *Haydel*, 2007 WL 9706565, at *2 (same); *Shadow v. Cont'l Airlines, Inc.*, No. SA06CA-619XR, 2006 WL 3691037, at *7 (W.D. Tex. Dec. 11, 2006) (same).

Evaluating the merits of Plaintiffs' claim requires an interpretation and application of the ERISA-regulated Plan documents (and not an interpretation or application of ERISA). *Long*, 2014 WL 4072026, at *5. Specifically, Plaintiffs contend that Martinez's Savings Plan benefit should have been paid to them at his death because he designated them as his beneficiaries four years before his marriage to Kathleen Mire, his surviving spouse. However, contrary to Plaintiffs' allegations, the Savings Plan document expressly provides – as is required by ERISA and the Internal Revenue Code – that if a participant is married at the time of his death, his beneficiary shall be deemed to be his surviving spouse. Moreover, the Designation of Beneficiary Form signed by Martinez that named his adult children as his beneficiaries states clearly and unequivocally that "**if you become married or marry a different person after you sign this form, be sure to update this form because a later marriage will automatically revoke your prior beneficiary designation**." (Exhibit B, Designation of Beneficiary Form (emphasis added)).

The additional fact that Plaintiffs are only seeking Martinez's Plan benefits and are not seeking relief on behalf of the Plan as a whole provides further evidence that Plaintiffs' breach of fiduciary claim is, in reality, a benefits claim. *See Haydel*, 2007 WL 9706565, at *2 (holding plaintiff's fiduciary claim was really a benefits claim because plaintiff was "asserting an individual right to benefits under an ERISA plan" and "[t]here [was] no averment that the plan as a whole was injured"); *Shadow*, 2006 WL 3691037, at *7 (holding plaintiff's fiduciary claim was really a

benefits claim because plaintiff alleged plan administrators breached fiduciary duties "by not paying him his benefits with arrearages").

The mere fact that Plaintiffs allege a misrepresentation in the Savings Plan quarterly statements does not change this analysis or result. For example, in *Long*, the plaintiff asserted fiduciary duty claims under ERISA Section 502(a)(3), alleging the defendant breached its "duty to make full and complete disclosure" and caused the plaintiff to reasonably believe that she would continue receiving benefits under the plan. *See Long v. Aetna Life Ins. Co.*, No. 14-403, 2014 WL 4072026, at *5 & n.50 (E.D. La. Aug. 18, 2014) (Africk, J.). The court dismissed the plaintiff's breach of fiduciary duty claims, concluding that they amounted to benefits claims, and in so doing, the court explained that "[d]eciding these claims would clearly 'rest[ ] upon an interpretation and application of an ERISA-regulated plan rather than on an interpretation and application of ERISA.'" *Id.* at *5 (quoting *D'Amico v. CBS Corp.*, 297 F.3d 287, 291 (3d Cir. 2002)). Here, like the plaintiff in *Long*, Plaintiffs allege Defendants misrepresented and/or failed to adequately disclose certain information that led Martinez to believe Plaintiffs would receive his Plan benefits upon his death.[12] (*See* Doc. 1, Compl. ¶¶ 41-42). Thus, as in *Long*, Plaintiffs are really asserting a disguised claim for benefits under the Plan, which they cannot bring under ERISA Section 502(a)(3). Any such claim must be brought under ERISA Section 502(a)(1)(B) and cannot be

---

[12]    No one really knows what Martinez's intentions were with respect to his Savings Plan account. With that said, Martinez's intentions with respect to his Savings Plan account are irrelevant. *Lasche*, 111 F.3d at 867 ("A person's subjective intent is irrelevant to whether these [spousal consent] requirements [in ERISA § 205(c)(2)(A), 29 U.S.C. § 1055(c)(2)(A)] were followed."). The Plan document, ERISA and the Internal Revenue Code all provide that the Plan benefit must be paid upon Martinez's death to his surviving spouse, Kathleen Mire, unless she consented in writing to Martinez's designation of his adult children as his beneficiaries, which she never did. Kathleen Mire unambiguously revealed her intentions that she did not consent to Martinez's designating his adult children as his beneficiaries when she refused to turn over the funds from Martinez's Savings Plan account to his adult children, even after they sued her.

asserted as a breach of fiduciary duty claim.  Consequently, Plaintiffs' breach of fiduciary duty claim under ERISA Section 502(a)(3) should be dismissed.  *See id.*; *Stout*, 2023 WL 2942484, at *2; *Brand*, 2018 WL 620050, at *2-3; *Torrence*, 2017 WL 3158148, at *2-3; *Haydel*, 2007 WL 9706565, at *2.

## II.    PLAINTIFFS' BREACH OF FIDUCIARY DUTY CLAIM FAILS AS A MATTER OF LAW BECAUSE PLAINTIFFS DO NOT ALLEGE SUFFICIENT FACTS TO SUPPORT THEIR CLAIM

Plaintiffs' breach of fiduciary claim should be dismissed for the additional reason that Plaintiffs' Complaint fails to allege facts sufficient to state a claim that is plausible on its face.  In support of their breach of fiduciary duty claim, Plaintiffs aver Entergy and the Committee failed to adequately disclose that a written spousal consent was required if Martinez wanted the funds from his Plan account paid to his designated beneficiaries, rather than to his surviving spouse.  (*See* Doc. 1, Compl. ¶¶ 41-42).  Plaintiffs further allege that, despite the above-discussed clear and unequivocal statements in the Designation of Beneficiary Form executed by Martinez and the numerous Summary Plan Descriptions sent to Martinez during his years of participation in the Plan, Martinez was "misinformed and mislead" as to the honoring of his beneficiary elections by the quarterly account statements sent to him by T. Rowe Price. (*Id.* ¶¶ 33, 42).

To avoid dismissal of their breach of fiduciary duty claim, Plaintiffs must allege, among other things, that: (1) the defendant made "affirmative misrepresentations or failed to adequately inform plan participants and beneficiaries" while acting in a fiduciary capacity; (2) "the misrepresentation or inadequate disclosure was material"; and (3) "the plaintiff detrimentally relied on the misrepresentation or inadequate disclosure."  *In re Unisys*, 579 F.3d at 228; *see also James v. Pirelli Armstrong Tire Corp.*, 305 F.3d 439, 449 (6th Cir. 2002) (similar); *accord Langbecker v. Elec. Data Sys. Corp.*, 476 F.3d 299, 305 n.9, 308 n.17 (5th Cir. 2007) (indicating that an ERISA misrepresentation claim includes a "reliance element").

Here, the numerous Summary Plan Descriptions sent to Martinez over his years of participation in the Plan and the very Designation of Beneficiary Form executed by Martinez in which he named his adult children as beneficiaries unambiguously informed Martinez that his surviving spouse would receive his Plan benefits upon his death, notwithstanding his designation of different beneficiaries, unless his spouse executed a written waiver and consent to his naming of his children as his beneficiaries. It is undisputed that Martinez's surviving spouse did not execute the required written waiver and consent.

Indeed, the Complaint acknowledges the Summary Plan Description includes these explanations. (*See* Doc. 1, Compl. ¶¶ 36-39). Plaintiffs allege, however, that these repeated disclosures were "inadequate," "buried [in] boilerplate language," and "would not excite the attention of a reasonable, long-retired employee like [Martinez]." (*Id.* ¶ 36). Such allegations are insufficient to survive a motion to dismiss given the settled law that "ERISA plan 'participants have a duty to inform themselves of the details provided in their plans.'" *Bicknell v. Lockheed Martin Grp. Benefits Plan*, 410 F. App'x 570, 575 (3d Cir. 2011) (citation omitted).

And while the Complaint avers that Entergy and the Committee did "not adequately call[] [Martinez's] attention to the fact that his designation of beneficiaries would not be honored," nowhere does the Complaint allege that Martinez ever made a specific inquiry to Entergy or the Committee regarding this purported issue. (Doc. 1, Compl. ¶ 37). This is fatal to Plaintiffs' claim because, "absent a specific participant-initiated inquiry, a plan administrator does not have any fiduciary duty to determine whether confusion about a plan term or condition exists. It is only after the plan administrator does receive an inquiry that it has a fiduciary obligation to respond promptly and adequately in a way that is not misleading." *Switzer v. Wal-Mart Stores, Inc.*, 52 F.3d 1294, 1299 (5th Cir. 1995) (footnote omitted); *see also Huerta v. Metro. Life Ins. Co.*, No. CV H-19-

1107, 2020 WL 974943, at *7-8 (S.D. Tex. Jan. 22, 2020) (dismissing ERISA fiduciary duty claim because complaint did not allege facts suggesting defendants had any duty to determine whether plaintiff was confused about terms of ERISA-regulated document), *r&r adopted*, No. 19-CV-1107, 2020 WL 973388 (S.D. Tex. Feb. 28, 2020).

If Martinez had truly been confused as to who would receive his Plan benefits upon his death, he had a responsibility to ask the Plan administrator. *See Switzer*, 52 F.3d at 1299; *see also Wache v. Inter-Cont'l Hotels Corp.*, No. 96-CV-3056, 1997 WL 599308, at *3 (E.D. La. Sept. 25, 1997) ("Under ERISA, a benefits plan administrator does not have any fiduciary duty to determine whether an eligible employee is confused or unclear about his coverage under an employee benefits plan, absent a specific participant-initiated inquiry."). Martinez's failure to do so does not give rise to liability against any of the Defendants here.

Plaintiffs' breach of fiduciary duty claim also fails because Plaintiffs have not (and cannot) plead sufficient facts regarding Martinez's purported detrimental reliance. Plaintiffs cannot plausibly allege that Martinez relied on the alleged misrepresentation to his detriment because any allegation to support this element of Plaintiffs' claim necessarily rests on speculative and unsupportable allegations as to Martinez's intent (including, for example, that Martinez "would have" requested his spouse to execute a spousal waiver). *See, e.g.*, *Lasche*, 111 F.3d at 867 ("A person's subjective intent is irrelevant to whether these [spousal consent] requirements [in ERISA § 205(c)(2)(A), 29 U.S.C. § 1055(c)(2)(A)] were followed."); *Hurwitz v. Sher*, 982 F.2d 778, 783 (2d Cir. 1992) ("We feel it would be inappropriate to plumb the decedent's ambiguous intentions when the statutory requirements are so clear."); *Robbins v. Robbins*, No. 1:99CV303-D-D, 2000 WL 33207648, at *3 (N.D. Miss. Jan. 26, 2000) (dismissing plaintiff's claim for benefits with prejudice and explaining that "Plaintiff's contention that the deceased's intent should override the

express provisions of ERISA is without merit, and such action would undermine Congress' clear purpose for establishing the waiver requirement"); *Oglesby v. AT&T Corp.*, 527 F. Supp. 2d 528, 538 (N.D. Tex. 2006) ("While Oglesby insists that he would have made a different payment election had he known how the Plan treats waiver and annulment, he never made an inquiry to the plan administrator to find out how these two situations would be treated if either were to occur. Therefore, AT&T had no fiduciary duty to address these specific situations either in its plan documents or in any communication with Oglesby prior to the commencement of his pension.").

The allegation that Kathleen Mire, Martinez's surviving spouse, would have signed a waiver of her rights upon Martinez's request also cannot be used to support the detrimental reliance element of Plaintiffs' claim because it is both speculative and implausible given that Kathleen Mire refused to waive her rights to the Plan benefits and turn over the funds from Martinez's Savings Plan account to Plaintiffs even after they sued her.  (*See* Exhibit F, Plaintiffs' Mississippi State Court Complaint, ¶¶ 20, 34 (alleging that "[t]he entirety of the funds in the 401k Plan have now been paid to Kathleen Mire by T. Rowe Price and despite amicable demand, Kathleen Mire has failed and refused to turn them over to the Martinez Heirs" and that "Kathleen Mire's refusal to honor her promise contradicts basic equitable principles")).

Given that Plaintiffs have not and cannot plead the factual allegations necessary to support their breach of fiduciary duty claim against either Entergy or the Committee, the claim should be dismissed.

## III. THE BREACH OF FIDUCIARY DUTY CLAIM AGAINST ENTERGY FAILS FOR THE ADDITIONAL REASON THAT ENTERGY IS NOT A PLAN FIDUCIARY

Plaintiffs allege that Entergy is a Plan fiduciary, but they do not assert any factual allegations that support their conclusory statement. (Doc. 1, Compl. ¶ 40). This is not surprising, given that the Plan makes clear that the Committee, not Entergy, "shall operate and administer the

16

Plan." (Ex. A, Plan § 13.01). Section 13.04 of the Plan also provides that the Committee, not Entergy, has broad powers to control and manage the operation and management of the Plan. (*See id.* § 13.04). Entergy is nothing more than the Plan's sponsor and as such does not owe a fiduciary duty to Plan participants and beneficiaries.[13]

A single, conclusory allegation that Entergy is an ERISA fiduciary is insufficient to state a breach of fiduciary duty claim against Entergy. *See Currier v. Entergy Corp. Emp. Benefits Comm.*, No. 16-2793, 2016 WL 6024531, at *7 (E.D. La. Oct. 14, 2016) (Africk, J.) (dismissing claims for breach of fiduciary duty and denial of benefits under ERISA against Entergy based on Entergy's argument that it was not an ERISA fiduciary); *Ryan v. Nat'l Football League, Inc.*, No. 19-1811, 2019 WL 3430259, at *9 (E.D. La. July 30, 2019) (granting motion to dismiss breach of fiduciary duty claim because "Plaintiffs merely allege the fiduciary duty exists–a threadbare assertion supported by mere conclusory statements regarding their claim for breach of fiduciary duty"); *Chero-Key Piping Co. v. Great-W. Life & Annuity Ins. Co.*, No. CIVA H-08-2696, 2010 WL 1169957, at *4-5 (S.D. Tex. Mar. 23, 2010) (dismissing ERISA fiduciary duty claims because plaintiff failed to allege facts demonstrating defendants were fiduciaries under ERISA); *Halaris v. Viacom, Inc.*, No. 3:06-CV-1646-N, 2008 WL 3855044, at *4 (N.D. Tex. Aug. 19, 2008) (same).

---

[13]    Consistent with the Plan language and ERISA's definition of a fiduciary, courts routinely find that a plan sponsor may not be held liable for a breach of fiduciary duty. *See Barrileaux v. Hartford Life & Acc. Ins. Co.*, No. 12-1542, 2014 WL 3778744, at *3 (E.D. La. July 29, 2014) (holding plan's sponsor was not liable for breach of fiduciary claim—where plan's terms granted plan's administrator with powers to operate and administer plan); *White v. HCA, Inc.*, 240 F. Supp. 2d 600, 603-04 (E.D. La. 2002) (same); *Pedersen v. Kinder Morgan Inc.*, 622 F. Supp. 3d 520, 541 (S.D. Tex. 2022) (dismissing breach of fiduciary duty claims against plan sponsor because it was not a plan fiduciary); *Bannistor v. Ullman*, 287 F.3d 394, 401 (5th Cir. 2002) ("[A] person is a fiduciary only with respect to those aspects of the plan over which he exercises authority or control."); *Crowley ex rel. Corning, Inc, Inv. Plan v. Corning, Inc.*, 234 F. Supp. 2d 222, 228 (W.D.N.Y. 2002) ("Corning, as settlor or sponsor of the plan, does not act as a fiduciary.").

Accordingly, the breach of fiduciary duty claim against Entergy fails as a matter of law and should be dismissed.

## **CONCLUSION**

For the reasons set forth above, Entergy Corporation and the Entergy Corporation Employee Benefits Committee respectfully request that their Motion to Dismiss be granted, that Plaintiffs' claim against them be dismissed in its entirety, and that they be awarded their reasonable attorneys' fees and costs associated with responding to the Complaint, in accordance with ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1).

Respectfully submitted,

*/s/ Darryl M. Phillips*
Darryl M. Phillips, Louisiana Bar No.: 19736
Email: dphil10@entergy.com
Chynna M. Anderson, Louisiana Bar No.: 37013
Email: cande13@entergy.com
639 Loyola Avenue, 26th Floor
New Orleans, Louisiana 70113

Lindsey R. Camp (*pro hac vice submission forthcoming*)
Email: lindsey.camp@hklaw.com
**HOLLAND & KNIGHT, LLP**
777 South Flagler Drive, Suite 1900
West Palm Beach, Florida 33401

Daniel L. Buchholz (*pro hac vice submission forthcoming*)
Email: daniel.buchholz@hklaw.com
**HOLLAND & KNIGHT LLP**
100 North Tampa Street, Suite 4100
Tampa, Florida 33602

*Attorneys for Defendants Entergy Corporation and Entergy Corporation Employee Benefits Committee*