## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ELLEN MARTINEZ LEBOEUF, INDEPENDENTLY AND AS ADMINISTRATRIX OF THE ESTATE OF ALVIN MARTINEZ, KARA MARIA BACHMAN, MEROL MARTINEZ WELLS, and ANDRE J. MARTINEZ | * * * * * * * | CIVIL ACTION NO. 2:23-cv-06257<br><br>SECTION "B"(4) |
| Plaintiffs, | * * | |
| v. | * * | DISTRICT JUDGE IVAN L.R. LEMELLE |
| ENTERGY CORPORATION, ENTERGY CORPORATION BENEFITS COMMITTEE, and T. ROWE PRICE TRUST COMPANY, | * * * * * | |
| Defendants | * | MAG. JUDGE KAREN WELLS ROBY |

**************************************************************************

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT T. ROWE PRICE TRUST COMPANY'S
## <u>FED. R. CIV. P. 12(B)(6) MOTION TO DISMISS THE COMPLAINT</u>

# **TABLE OF CONTENTS**

                                                                                                                                  **Page**

| | |
|---|---|
| TABLE OF CONTENTS | i |
| TABLE OF AUTHORITIES | ii |
| PRELIMINARY STATEMENT | 1 |
| STATEMENT OF FACTS | 3 |
|     I.    The Parties. | 4 |
|     II.    The Plan. | 4 |
|     III.    T. Rowe Distributes Mr. Martinez's Plan Assets In Accordance With The Committee's Direction And Pursuant To ERISA And The Plan's Surviving Spouse Provisions. | 6 |
|     IV.    Plaintiffs' Claim. | 7 |
| STANDARD OF REVIEW | 7 |
| ARGUMENT | 9 |
|     I.    Dismissal Of T. Rowe Is Warranted Because The Complaint And Plan Documents Show That T. Rowe Was A Directed Trustee And Not A Fiduciary As To The Alleged Conduct At Issue. | 9 |
|     II.    T. Rowe Cannot Be Liable For Breach Of ERISA Fiduciary Duty Because, As A Directed Trustee, It Was Required To Follow Entergy's Directions. | 12 |
|     III.    T. Rowe Joins In Entergy Defendants' Motion To Dismiss. | 13 |
| CONCLUSION | 14 |

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Ariyan, Inc. v. Sewerage & Water Bd. of New Orleans*,
 543 F. Supp. 3d 373 (E.D. La. 2021) ........................................................................................ 8

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) ................................................................................................................... 8

*Associated Builders, Inc. v. Alab. Power Co.*,
 505 F.2d 97 (5th Cir. 1974) ....................................................................................................... 8

*Beddall v. State St. Bank & Tr. Co.*,
 137 F.3d 12 (1st Cir. 1998) ...................................................................................................... 10

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007) ................................................................................................................... 8

*Chero-Key Piping Co. v. Great-W. Life & Annuity Ins. Co.*,
 No. H-08-2696, 2010 WL 1169957 (S.D. Tex. Mar. 23, 2010) ............................................... 11

*DiFelice v. U.S. Airways, Inc.*,
 397 F. Supp. 2d 735 (E.D. Va. 2005) ...................................................................................... 10

*Ehlmann v. Kaiser Foundation Health Plan of Texas*,
 198 F.3d 552 (5th Cir. 2000), *reh'g en banc denied*, 210 F.3d 365, *cert.
 dismissed*, 530 U.S. 1291 (2000) ............................................................................................. 13

*Fifth Third Bancorp v. Dudenhoeffer*,
 573 U.S. 409 (2014) ................................................................................................................... 8

*Gonzalez v. Kay*,
 577 F.3d 600 (5th Cir. 2009) ..................................................................................................... 8

*Grindstaff v. Green*,
 946 F. Supp. 540 (E.D. Tenn. 1996), *aff'd*, 133 F.3d 416 (6th Cir. 1998) .............................. 10

*Hamilton v. Carell*,
 243 F.3d 992 (6th Cir. 2001) ..................................................................................................... 9

*Herman v. NationsBank Trust Co.*,
 126 F.3d 1354 (11th Cir. 1997) ............................................................................................... 12

*Humana Health Plan, Inc. v. Nguyen*,
 785 F.3d 1023 (5th Cir. 2015) ............................................................................................... 1, 9

*In re Cardinal Health, Inc. ERISA Litig.*,
   424 F. Supp. 2d 1002 (S.D. Ohio 2006) ................................................................................10

*In re Katrina Canal Breaches Litig.*,
   495 F.3d 191 (5th Cir. 2007) ....................................................................................................3

*Izzarelli v. Rexene Products Co.*,
   24 F.3d 1506 (5th Cir. 1994) ....................................................................................................9

*LaLonde v. Textron, Inc.*,
   270 F. Supp. 2d 272 (D.R.I. 2003) *aff'd on other grounds*, 369 F.3d 1 (1st Cir.
   2004) ......................................................................................................................................10

*Mothe v. Mothe Life Ins. Co.*,
   No. CIV.A. 10-2008, 2011 WL 1113284 (E.D. La. Mar. 23, 2011) .........................................4

*Pegram v. Herdrich*,
   530 U.S. 211 (2000)..................................................................................................................9

*Ryan v. Nat'l Football League, Inc.*,
   No. 19-1811, 2019 WL 3430259 (E.D. La. July 30, 2019) ....................................................11

*Stripling v. Jordan Prod. Co.*,
   234 F.3d 863 (5th Cir. 2000) ....................................................................................................8

*Suárez v. MCS Life Ins. Co.*,
   No. CV 21-1376 (ADC), 2022 WL 3227806 (D.P.R. Aug. 10, 2022) ...................................10

*Swenson v. United of Omaha Life Ins. Co.*,
   876 F.3d 809 (5th Cir. 2017) ..................................................................................................14

*Wright v. Oregon Metallurgical Corp.*,
   360 F.3d 1090 (9th Cir. 2004) ................................................................................................12

**STATUTES**

ERISA § 3, 29 U.S.C. § 1002 ..........................................................................................................5

ERISA § 205, 29 U.S.C. § 1055 ................................................................................................6, 13

ERISA § 403, 29 U.S.C. § 1103 ..............................................................................................12, 13

ERISA § 404, 29 U.S.C. § 1104 ................................................................................................9, 13

ERISA § 502, 29 U.S.C. § 1132 ................................................................................................1, 14

I.R.C., 26 U.S.C. § 401 ..................................................................................................................13

I.R.C., 26 U.S.C. § 417 ..................................................................................................................13

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b)(1) ..........................................................................................................14

Fed. R. Civ. P. 12(b)(6) ........................................................................................1, 3, 7, 8, 14

H.R. Conf. Rep. No. 93-1280 (1974), *reprinted in* 1974 U.S.C.C.A.N. 5038 ................................12

**PRELIMINARY STATEMENT**

Defendant T. Rowe Price Trust Company ("T. Rowe") moves for dismissal of the Complaint (the "Complaint," ECF No. 1) with prejudice because Plaintiffs Ellen Martinez LeBoeuf, independently and as administratrix of the Estate Of Alvin Martinez, Kara Maria Bachman, Merol Martinez Wells, and Andre J. Martinez (collectively, "Plaintiffs") concede, and the underlying documents show, that T. Rowe was a directed trustee with no discretion and therefore not a fiduciary with respect to the conduct at issue in the Complaint. As a matter of law, therefore, Plaintiffs cannot sustain their sole claim, that of breach of fiduciary duty pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA")[1] as to T. Rowe and dismissal with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) is warranted. *See Humana Health Plan, Inc. v. Nguyen*, 785 F.3d 1023, 1029 (5th Cir. 2015) (finding third party service provider was not a fiduciary, in part, because it did not have discretion over plan assets or plan administration).

Plaintiffs assert a single claim for breach of fiduciary duty under ERISA against T. Rowe and Defendants Entergy Corporation ("Entergy") and Entergy Corporation Employee Benefits Committee (the "Committee", and collectively, "Entergy Defendants"). The claim stems from the recent passing of their father Mr. Alvin Martinez ("Mr. Martinez"), who participated in the Savings Plan of Entergy Corporation and Subsidiaries (the "Plan"), which is an ERISA governed plan. Upon his death, Mr. Martinez's surviving spouse rather than Plaintiffs received a full distribution of Mr. Martinez's remaining assets in the Plan. Plaintiffs assert Defendants erred

---

[1] The Complaint is silent as to which section of ERISA Plaintiffs bring their breach of fiduciary duty claim. By filing this Motion to Dismiss ("T. Rowe's Motion"), T. Rowe does not concede that Plaintiffs can bring their claim as a breach of fiduciary duty. In fact, Plaintiffs' claim should have been filed as a claim for benefits pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). Regardless of the ERISA section asserted, T. Rowe should be dismissed.

with respect to their alleged roles in making that distribution because Plaintiffs were the designated beneficiaries even though the Plan terms and ERISA required that Mr. Martinez's surviving spouse receive his Plan assets.

Plaintiffs do not dispute that Entergy is the Plan sponsor for the Plan, and the Committee is a named fiduciary of the Plan, the Plan's Administrator, and the Plan's Claims Administrator. Further, Plaintiffs concede that the Committee, in its capacity as Claims Administrator, determined that Plaintiffs were not entitled to Mr. Martinez's Plan assets and directed T. Rowe to distribute Mr. Martinez's Plan assets to his surviving spouse in accordance with the unambiguous Plan documents. As directed trustee, T. Rowe holds assets of the Plan and, when directed by the Committee, will distribute assets to participants and beneficiaries. Importantly, however, T. Rowe has no discretion whatsoever with regard to Plan administration or the use of Plan assets and is contractually required to strictly follow any direction given to it by the Committee regarding the distribution of Plan assets. Thus, based on the Committee's express written direction, T. Rowe distributed Mr. Martinez's Plan assets to his surviving spouse.

Despite conceding in the Complaint that T. Rowe served as the trustee to the Plan and acted at the express direction of the Committee, Plaintiffs named T. Rowe as a defendant. While not entirely clear, Plaintiffs appear to allege that T. Rowe: (i) should have ignored its contractual obligations as directed trustee and refused to distribute Mr. Martinez's assets to his surviving spouse as instructed by the Committee even though his surviving spouse was entitled contractually and under ERISA to Mr. Martinez's Plan assets; and (ii) should have affirmatively contacted Mr. Martinez, who is one of over 16,000 Plan participants, and informed him that unless his spouse signed a consent form, his children were prohibited under ERISA from receiving his Plan assets upon Mr. Martinez's death even though T. Rowe was not the Plan

administrator. None of these allegations, however, can survive based upon the four corners of the Complaint and the documents upon which it relies.

T. Rowe moves for dismissal because the Complaint fails to adequately allege that: (i) T. Rowe had any discretion with respect to the alleged conduct, meaning T. Rowe cannot be liable for breach of fiduciary duty; (ii) even as a directed trustee, and without any discretion, T. Rowe was otherwise subject to ERISA's fiduciary duties with respect to the alleged conduct; and (iii) T. Rowe had the authority to ignore directions that were proper pursuant to ERISA and the terms of the Plan.

Dismissal of T. Rowe is also warranted because T. Rowe joins in the Entergy Defendants' Motion to Dismiss and accompanying pleadings ("Entergy Defendants' Motion") (ECF No. 21) and hereby incorporates by reference the arguments contained in Entergy Defendants' memorandum of law in support of Entergy Defendants' Motion (ECF No. 21.01) as if fully set forth herein.

Accordingly, for all of these reasons and those set forth below as to T. Rowe, and for all the reasons set forth in Entergy Defendants' Motion, the Complaint should be dismissed in its entirety with prejudice.

**STATEMENT OF FACTS**

Except where otherwise indicated, this statement of facts is based exclusively on the allegations contained in the Complaint (ECF No. 1)[2] and the Plan documents referenced or incorporated therein, all of which this Court may consider on a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. *See In re Katrina Canal Breaches Litig.*, 495 F.3d

---

[2] T. Rowe accepts any well-pleaded allegations in the Complaint as true for purposes of T. Rowe's Motion but does not waive its right to challenge the truth of the allegations asserted and/or to assert any and all applicable affirmative defenses if T. Rowe's Motion is denied in part or in whole.

3

191, 205 (5th Cir. 2007); *Mothe v. Mothe Life Ins. Co.*, No. CIV.A. 10-2008, 2011 WL 1113284, at *1 (E.D. La. Mar. 23, 2011) (J. Lemelle) (The Fifth Circuit has consistently stated that a court "may consider documents on a motion to dismiss without converting that motion into one for summary judgment where the documents are central to the plaintiffs' claims and are referred to in the complaint").

## I. The Parties.

Plaintiffs are the surviving children of deceased Plan participant Mr. Martinez, who participated in the Plan from 1967 until his death on September 6, 2021. (ECF No. 1 at ¶ 12, 15.) Entergy is the sponsor of the Plan. (ECF No. 1 at ¶¶ 3, 12.; ECF No. 21.02, Ex. A (the Plan Document) at § 1.01.)[3] The Committee is the Plan Administrator and Claims Administrator for the Plan. (ECF No. 1 at ¶¶ 4, 28-29; ECF No. 21.02, Ex. A at §§ 2.09, 13.01.) T. Rowe is the Plan's directed trustee. (ECF No. 1 at ¶¶ 5, 26.)

## II. The Plan.

The Plan is a defined contribution pension plan under ERISA. (ECF No. 1 at ¶¶ 12, 18-19; ECF No. 21.02, Ex. A at § 2.23.) Participants can contribute a portion of their salary to the Plan while they are employed by Entergy, like Mr. Martinez did. (*Id.*) Upon their retirement, a participant's benefits in the Plan equal their own contributions, any employer contributions, and any earnings on those contributions from one or more of the investment options made available to them in the Plan. (*Id.*) The Plan is also an "individual account plan" within the meaning of ERISA § 3(34), 29 U.S.C. § 1002(34), in that the Plan provides for each participant to have an individual account. (ECF No. 1 at ¶ 19.)

---

[3] The documents labeled exhibits ("Ex") A and B to T. Rowe's Motion have been filed as part of Entergy Defendants' Motion and accompanying pleadings. As such, and to avoid unnecessary duplication, T. Rowe's Motion cites to the ECF numbers for those documents attached to Entergy Defendants' Motion.

The Plan specifies that the Committee, as Plan Administrator, has "discretionary authority to interpret Plan provisions, construe unclear terms, make factual determinations, determine eligibility for benefits, and otherwise make all decisions and determinations regarding Plan administration." (ECF No. 21.02, Ex. A at §13.04(a); ECF No. 21.04, Ex. B (the Plan Summary Plan Description) at 33.) The Committee also serves as the Plan's Claims Administrator and Claims Appeal Administrator, with the responsibility to receive initial claims for benefits from participants and beneficiaries, to decide the merits of the claim, and to resolve any appeals of the Committee's benefit claim decision. (ECF No. 21.02, Ex. A at § 13.05; ECF No. 21.04, Ex. B at 34-35 ; *see also* ECF No. 1 at ¶¶ 28-29.)

The Plan additionally reserves for the Committee the sole right "to direct the Trustee [(T. Rowe)] concerning all payments that shall be made out of the Trust pursuant to the provisions of the Plan." (ECF No. 21.02, Ex. A at § 13.04(g); *see also* ECF No. 21.04, Ex. B at 33 (the Committee "has discretionary authority to interpret Plan provisions, construe unclear terms, make factual determinations, determine eligibility for benefits, and otherwise make all decisions and determinations regarding Plan administration.")) The Plan also specifies that the trustee, T. Rowe, "shall be responsible solely for the investment and safekeeping of the assets of the Trust and shall have no responsibility for the operation or administration of the Plan." (ECF No. 21.02, Ex. A at § 11.01.) Plan participants are instructed in the Plan's Summary Plan Description ("SPD") that they can update their beneficiary designations by contacting T. Rowe or the Committee but nowhere does the SPD provide that T. Rowe has any responsibility or discretion to contact Plan participants. (*See* ECF No. 21.04, Ex. B at 8.)[4]

---

[4] The Master Trust Agreement between T. Rowe and the Committee likewise makes clear that T. Rowe does not have discretionary control over Plan assets, does not serve as the Plan administrator, and must take its direction from the Committee. Because of the current posture of this case, T. Rowe does not

5

### III. T. Rowe Distributes Mr. Martinez's Plan Assets In Accordance With The Committee's Direction And Pursuant To ERISA And The Plan's Surviving Spouse Provisions.[5]

Mr. Martinez passed away on September 6, 2021. (*Id*. at ¶ 15.) Plaintiffs concede that the Committee then "directed" T. Rowe to pay "the entirety of the funds" in Mr. Martinez's Plan account to his surviving spouse. (*Id*. at ¶ 26.) Plaintiffs, unsatisfied with the Committee's direction to T. Rowe, submitted a claim for benefits, pursuant to the Plan's claim procedures, to the Committee requesting that the "Entergy [Committee] reverse its decision to pay the funds in Alvin's Entergy Savings Plan to [his surviving spouse] and to pay those funds instead to them in accordance with the longstanding wishes of Alvin Martinez and the designation of beneficiaries of record." (*Id*. at ¶ 28.) The Committee denied Plaintiffs' claim and subsequently denied Plaintiffs' appeal of the claim denial. (*Id*. at ¶¶ 28-29.) In denying Plaintiffs' claim, the Committee accurately informed Plaintiffs that pursuant to the Plan and ERISA (ERISA § 205, 29 U.S.C. § 1055), if a participant is married at the time of their death, the surviving spouse is deemed the beneficiary, and any beneficiary designation is void as to a non-spouse unless the spouse consents in a notarized writing to the beneficiary designated before the participant's death. (*Id*. at ¶ 30.) Because Mr. Martinez's surviving spouse never consented in writing, as required by the Plan and ERISA, to Mr. Martinez naming Plaintiffs as beneficiaries, the Committee determined that Plaintiffs were not entitled to Mr. Martinez's Plan assets even though Mr. Martinez had designated Plaintiffs as his beneficiaries prior to his marriage. (*Id*.) As the

---

attach the Master Trust Agreement here. However, if the Court requests to the review the Master Trust Agreement, T. Rowe will make it available for inspection.

[5] T. Rowe only provides the relevant events leading to T. Rowe's distribution of Mr. Martinez's Plan assets. *See* Entergy Defendants' Motion for a more thorough recitation of Mr. Martinez's participation in the Plan and his designation of beneficiaries, which is information Entergy Defendants possess as employer, Plan sponsor, and Plan Administrator.

6

Complaint concedes, T. Rowe did not participate at any point in reviewing or deciding Plaintiffs' claim for benefits. (*Id*. at ¶¶ 28-29.)

IV.     **Plaintiffs' Claim.**

Plaintiffs filed the Complaint on October 17, 2023 advancing a single claim for ERISA breach of fiduciary duty against Entergy, the Committee, and T. Rowe based on a variety of alleged misrepresentations that led to Mr. Martinez failing to obtain spousal consent to properly name Plaintiffs as his beneficiaries before his death. (ECF No. 1 at ¶ 40-44.) Specifically, as to T. Rowe, the Complaint alleges that T. Rowe breached its fiduciary duty to Mr. Martinez because: (i) T. Rowe did not affirmatively reach out to Mr. Martinez personally before his death to inform him that he needed to submit a spousal consent form if he intended for Plaintiffs to receive his Plan assets upon his death; (ii) T. Rowe distributed Plan statements that listed Plaintiffs as Mr. Martinez's designated beneficiaries; and (iii) T. Rowe distributed Mr. Martinez's plan assets to his surviving spouse at the express direction of the Committee pursuant to T. Rowe's requirements under the Plan and ERISA to act in accordance with the Committee's direction with respect to Plan assets. (*Id*. at ¶¶ 26, 31-35.) As discussed below, Plaintiffs' claim against T. Rowe suffers from a basic and fatal flaw—Plaintiffs concede that T. Rowe was a directed trustee and thus T. Rowe had no discretion with respect to the alleged conduct and therefore was not a fiduciary with respect to the alleged conduct.

## STANDARD OF REVIEW

T. Rowe seeks dismissal of the Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). In the ERISA context, the Supreme Court has emphasized that a motion to dismiss is an "important mechanism for weeding out meritless claims" of breaches of fiduciary duty, and that a court's evaluation of whether a plausible claim has been pled is "context specific." *Fifth Third Bancorp v. Dudenhoeffer*, 573 U.S. 409, 425 (2014). To survive a Rule

7

12(b)(6) motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted)*; Gonzalez v. Kay*, 577 F.3d 600, 603(5th Cir. 2009).

The ordinary rule that "a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and, therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*, 550 U.S. at 555). This Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. (internal quotation marks omitted). Additionally, allegations that are contradicted by documents referenced in a complaint are not presumed true for motion to dismiss purposes. *Associated Builders, Inc. v. Alab. Power Co*., 505 F.2d 97, 100 (5th Cir. 1974) ("Conclusory allegations and unwarranted deductions of fact are not admitted as true especially when such conclusions are contradicted by facts disclosed by a document appended to the complaint.").

Furthermore, dismissal with prejudice is appropriate where an amended complaint would be "futile" because "the amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co*., 234 F.3d 863, 873 (5th Cir. 2000); *Ariyan, Inc. v. Sewerage & Water Bd. of New Orleans*, 543 F. Supp. 3d 373, 381 n. 8 (E.D. La. 2021) (dismissing complaint with prejudice pursuant to a 12(b)(6) motion to dismiss and denying plaintiff's motion to amend the complaint because the amendment would be "futile").

Pursuant to this framework, dismissal with prejudice of Plaintiffs' Complaint is warranted as to T. Rowe because the claim they assert is based on implausible factual allegations

and improper legal conclusions as to T. Rowe's fiduciary status and no proposed amendment could assert facts that would cure the Complaint's shortcomings.

## ARGUMENT

I. **Dismissal Of T. Rowe Is Warranted Because The Complaint And Plan Documents Show That T. Rowe Was A Directed Trustee And Not A Fiduciary As To The Alleged Conduct At Issue.**

T. Rowe cannot be held liable under ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1), which imposes duties on "fiduciaries," because it had no fiduciary duty related to the alleged conduct giving rise to the breach of fiduciary duty claim. Specifically, T. Rowe had no discretion with respect to distributing Plan assets upon Mr. Martinez's death or Plan administration, like affirmatively contacting Mr. Martinez to ensure his beneficiary designations were accurate and complied with the Plan and ERISA.

It is well settled that "[i]n every case charging breach of ERISA fiduciary duty . . . the threshold question is not whether the actions of some person employed to provide services under a plan adversely affected a plan beneficiary's interest, but whether that person was acting as a fiduciary (that is, was performing a fiduciary function) when taking the action subject to complaint." *Pegram v. Herdrich*, 530 U.S. 211, 226 (2000); *Humana Health Plan, Inc. v. Nguyen*, 785 F.3d 1023, 1027 (5th Cir. 2015) ("Thus, when courts evaluate whether a party is an ERISA fiduciary, they must focus on the specific role the purported fiduciary played as relevant to the claim at hand.").

ERISA and Fifth Circuit precedent are clear that if there is no discretion, then there is no fiduciary duty. *Izzarelli v. Rexene Prods. Co.*, 24 F.3d 1506, 1525 (5th Cir. 1994) (no fiduciary duty to the extent bank "had no duty, discretion, or responsibility . . ."); *Hamilton v. Carell*, 243 F.3d 992, 998 (6th Cir. 2001) (discretion is the "*sine qua non* of fiduciary status"). As a result, courts nationwide routinely dismiss breach of fiduciary duty claims asserted against directed

9

trustees where the complaint does not allege facts or provisions of the governing plan documents establishing a fiduciary duty to act. *See e.g.*, *Beddall v. State St. Bank & Trust Co.,* 137 F.3d 12, 20 (1st Cir. 1998) ("Without more, mechanical administrative responsibilities (such as retaining the assets and keeping a record of their value) are insufficient to ground a claim of fiduciary status."); *Suárez v. MCS Life Ins. Co.*, No. CV 21-1376 (ADC), 2022 WL 3227806, at *4 (D.P.R. Aug. 10, 2022) (The party that controls the administration of the plan is the proper defendant in an ERISA benefit action, and "[t]here is no allegation in the complaint to suggest that [Defendant] controls the administration of the plan or that [Defendant] made the determination to cancel . . ."); *In re Cardinal Health, Inc. ERISA Litig*., 424 F. Supp. 2d 1002, 1040–1041 (S.D. Ohio 2006) ("As a directed trustee, [Defendant]'s primary duty was to follow the directions of the named fiduciary and of the plan participants, except in extraordinary circumstances not alleged in the Complaint."); *DiFelice v. U.S. Airways, Inc*., 397 F. Supp. 2d 735, 749 (E.D. Va. 2005) ("[B]ecause the directed trustee must follow the named fiduciary's proper directions in that regard as long as the direction does not patently violate the plan or ERISA, there can be no liability for doing so."); *LaLonde v. Textron, Inc*., 270 F. Supp. 2d 272, 281 (D.R.I. 2003) ("ERISA specifically relieves a trustee, such as [Defendant], from fiduciary obligations regarding the management and control of a plan's assets when the trustee is "'directed'" by the plan's designated fiduciary. 29 U.S.C. § 1103(a)(1).") *aff'd on other grounds*, 369 F.3d 1 (1st Cir. 2004); *Grindstaff v. Green*, 946 F. Supp. 540, 552 (E.D. Tenn. 1996) ("The Court does not think the case authority supports an expansion and declines to expand a directed trustee's fiduciary responsibility" when directed by the plan administrative committee), *aff'd*, 133 F.3d 416 (6th Cir. 1998); *see also Ryan v. Nat'l Football League, Inc.*, No. 19-1811, 2019 WL 3430259, at *9 (E.D. La. July 30, 2019) (granting motion to dismiss breach of fiduciary duty

claim because "Plaintiffs merely allege the fiduciary duty exists–a threadbare assertion supported by mere conclusory statements regarding their claim for breach of fiduciary duty"); *Chero-Key Piping Co. v. Great-W. Life & Annuity Ins. Co.*, No. H-08-2696, 2010 WL 1169957, at *4–5 (S.D. Tex. Mar. 23, 2010) (dismissing ERISA fiduciary duty claims because plaintiff failed to allege facts demonstrating defendants were fiduciaries under ERISA).

Here, Plaintiffs concede that T. Rowe was the Plan's trustee (ECF No. 1 at ¶¶ 5, 26), that the Committee is the Plan Administrator and the Claims Administrator (*id*. at ¶¶ 4, 28-29), and that T. Rowe acted solely at the direction of the Committee when distributing Mr. Martinez's Plan assets (*id*. at ¶ 26). Additionally, there is no allegation in the Complaint that T. Rowe possessed relevant discretionary authority relating to distribution of Plan assets or Plan administration. In fact, the term "discretion" does not appear once in the Complaint. Furthermore, the Plan Documents establish unequivocally that T. Rowe was required to follow the Committee's written direction related to the distribution of Plan assets and did not have any responsibility for Plan administration. *See supra* pp. 4-6.

Moreover, Plaintiffs also do not allege that T. Rowe possessed the authority to affirmatively contact participants to ensure beneficiary designations were accurate and conformed to the Plan or that the beneficiary information contained in participant benefit statements was accurate and up to date. Nor could they as the Plan document did not provide T. Rowe with the responsibility or discretion to do so. (*See* ECF No. 21.04, Ex. B at 7-8.)

Accordingly, T. Rowe was not performing a fiduciary function for the Plan with respect to distributing Plan assets to Mr. Martinez's surviving spouse and had no duty to affirmatively contact Mr. Martinez to ensure his beneficiary designations were up to date and accurate, and thus T. Rowe should be dismissed for lack of relevant fiduciary status. Furthermore, the

11

dismissal should be with prejudice because amending the Complaint would be futile as there are no set of well-pleaded facts that could plausibly allege that T. Rowe is a fiduciary with respect to the alleged conduct.

II. **T. Rowe Cannot Be Liable For Breach Of ERISA Fiduciary Duty Because, As A Directed Trustee, It Was Required To Follow Entergy's Directions.**

As directed trustee, ERISA requires T. Rowe to follow "proper directions of [the named] fiduciary which are made in accordance with the terms of the plan and which are not contrary to [ERISA]." ERISA § 403(a)(1), 29 U.S.C. §1103(a)(1). Section 403(a)(1)'s requirement's exception to that general rule is if the directions provided to a directed trustee are not "in accordance with" the plan or are "contrary to" ERISA supplants the fiduciary duty imposed under § 404(a). *See Wright v. Or. Metallurgical Corp.*, 360 F.3d 1090, 1103 (9th Cir. 2004) ("Directed trustees, as a result, cannot be held liable for following the investment instructions provided by a plan's named fiduciaries."); *Herman v. NationsBank Trust Co.*, 126 F.3d 1354, 1361 (11th Cir. 1997) ("[I]nsofar as a trustee acts at the direction of a named fiduciary in accordance with the terms of the plan and ERISA's requirements, he is not subject to the fiduciary requirement in §1104(a) to act prudently.") (Citations omitted.); *see also* H.R. Conf. Rep. No. 93-1280, at 298 (1974), *reprinted in* 1974 U.S.C.C.A.N. 5038, 5079 ("If the [ERISA] plan so provides, the trustee who is directed by an investment committee is to follow that committee's directions unless it is clear on their face that the actions to be taken under those directions would be prohibited by the fiduciary responsibility rules of the bill or would be contrary to the terms of the plan or trust."). These requirements are the hallmark of what makes a directed trustee different than other trustees.[6]

---

[6] This reading of the interplay between § 403(a)(1) and § 404(a) is also consistent with the "the general principle of statutory construction that more specific provisions in a statute govern over those generally worded." *Ehlmann v. Kaiser Found. Health Plan of Texas*, 198 F.3d 552, 555 (5th Cir 2000.) (holding

12

Here, the directions T. Rowe received from the Committee to distribute Mr. Martinez's Plan assets to his surviving spouse were both in accordance with the Plan and not contrary to ERISA; therefore, they were clearly on their face proper. The directions were in accordance with the terms of the Plan because a surviving spouse, who had not consented in a notarized writing to allow for non-spousal beneficiaries, was entitled to a deceased participant's Plan assets by the Plan Documents. (*See* ECF No. 21.02, Ex. A at § 2.06; ECF No. 21.04, Ex. B at 8.). Similarly, the instructions were consistent with ERISA and the Internal Revenue Code because both mandate that a surviving spouse must receive pension plan assets upon the death of a participant unless the spouse waived their right to those benefits in a notarized writing prior to the participant's death. *See* ERISA § 205, 29 U.S.C. § 1055; 26 U.S.C. §§ 401(a)(11)(A), (B)(iii)(I), and 417(a)(2).

As such, T. Rowe's only proper and legal action was to carry out the Committee's directions to pay Mr. Martinez's surviving spouse his Plan assets and, in doing so, T. Rowe abided by the requirements of an ERISA directed trustee and is entitled to the full protections of a directed trustee.

### III. T. Rowe Joins In Entergy Defendants' Motion To Dismiss.

T. Rowe joins in Entergy Defendants' Motion pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (*See* ECF No. 21.) The Complaint should be dismissed for the reasons set forth in Entergy Defendants' Motion because: (i) Plaintiffs improperly brought this action, which is clearly a claim for Plan benefits, as an ERISA breach of fiduciary duty

---

that ERISA's specific disclosure provisions, §§ 101-111, take precedence over § 404's general fiduciary duty provision), *reh'g en banc denied*, 210 F.3d 365, *cert. dismissed*, 530 U.S. 1291 (2000). The reading is further consistent with ERISA's general approach in allowing parties to allocate fiduciary responsibilities.

13

cause of action when the Fifth Circuit requires benefit claims to be brought pursuant to ERISA § 502(a)(1)(B), 1132(a)(1)(B), s*ee Swenson v. United of Omaha Life Ins. Co.*, 876 F.3d 809, 812 (5th Cir. 2017); (ii) Plaintiffs' claim fails as a matter of law because the Plan and ERISA required the Committee to direct T. Rowe to distribute Mr. Martinez's benefits to his surviving spouse; and (iii) Entergy, like T. Rowe, is not a fiduciary with respect to the alleged conduct.

## CONCLUSION

For the foregoing reasons and those set forth in the Entergy Defendants' Motion, the Complaint should be dismissed with prejudice as against T. Rowe.

Dated: December 4, 2023

Respectfully submitted,

**PROSKAUER ROSE LLP**

*/s/ Nicole A. Eichberger*
Nicole A. Eichberger (La. Bar No. 28032)
650 Poydras Street, Suite 1800
New Orleans, Louisiana 70130
Telephone: 504-310-2024
Fax: 504-310-2022
neichberger@proskauer.com

Tulio D. Chirinos (La. Bar No. 35079)
**PROSKAUER ROSE LLP**
One Boca Place
2255 Glades Road, Suite 421 Atrium
Boca Raton, Florida 33431
Telephone: 561-995-4737
Fax: 561-241-7145
tchirinos@proskauer.com

*Counsel for T. Rowe Price Trust Company*