UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ELLEN MARTINEZ LEBOEUF ET AL.**                           **CIVIL ACTION**

**VERSUS**                                                  **NO. 23-6257**

**ENTERGY CORPORATION ET AL.**                              **SECTION "B"(4)**

## ORDER AND REASONS

Before the Court are defendants Entergy Corporation and Entergy Corporation Employee Benefits Committee's ("the Committee;" collectively "Entergy defendants") motion to dismiss the amended complaint (Rec. Doc. 35), plaintiffs'[1] opposition (Rec. Doc. 39), and Entergy defendants' reply (Rec. Doc. 42); Entergy defendants and defendant T. Rowe Price Trust Company's motion to stay discovery (Rec. Doc. 36) and plaintiffs' opposition (Rec. Doc. 41); defendant T. Rowe Price's motion to dismiss the amended complaint (Rec. Doc. 37), plaintiffs' opposition (Rec. Doc. 40), and T. Rowe Price's reply (Rec. Doc. 43); and plaintiffs' consent motion to set vacate scheduling order and continue trial (Rec. Doc. 48). For the following reasons,

**IT IS ORDERED** that Entergy defendants' motion to dismiss the amended complaint (Rec. Doc. 35) is **GRANTED IN PART**, as to Entergy's fiduciary status and failure to state a claim for breach of fiduciary duty, but not as to its disguised benefits claim contention;

**IT IS FURTHER ORDERED** that T. Rowe Price's motion to dismiss the amended complaint (Rec. Doc. 37) is **GRANTED**; and

**IT IS FURTHER ORDERED** that defendants' motion to stay discovery (Rec. Doc. 36) and plaintiffs' consent motion to set vacate scheduling order and continue trial (Rec. Doc. 48) are **DISMISSED AS MOOT**.

---

[1] Plaintiffs in this action are: Ellen Martinez LeBoeuf, individually and as adminstratrix of the Estate of Alvin Martinez; Merol Martinez Wells; Andre J. Martinez; and Kara Maria Bachman. When referring to any one individual plaintiff, the Court will use the individual plaintiff's first name.

1

I. **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Having been denied benefits claims through an administrative process, plaintiffs assert a claim for breach of fiduciary duty under the Employee Retirement Income Security Act ("ERISA") of 1974 § 502(a)(3), 29 U.S.C. § 1132(a)(3), against Entergy defendants and T. Rowe Price. Rec. Doc. 28 at 12–14 ¶¶ 44–48 (amended complaint).

Plaintiffs are the surviving children of decedent Alvin Martinez, who worked as an employee of Entergy Corporation, or its predecessors, from 1967 until his retirement in 2003. *See id.* at 3–4 ¶¶ 8, 11. While an employee of Entergy, Alvin participated in the Savings Plan of Entergy Corporation and Subsidiaries (the "Savings Plan"). *Id.* at 4 ¶ 12. The Savings Plan is a defined contribution pension plan under ERISA.[2] Entergy is the Savings Plan Sponsor. *Id.* at 2 ¶ 3. The Committee is the Savings Plan Administrator and Claims Administrator. *Id.* at 2 ¶ 4; *see also* Rec. Doc. 35-2 at 9 § 2.09. Finally, T. Rowe Price is the Savings Plan Trustee. Rec. Doc. 28 at 2 ¶ 5.

Eight years after the death of his wife, Alvin named their four children as designated beneficiaries of his Savings Plan. *See id.* at 3–4 ¶¶ 10, 13. He did so by "submit[ing] an appropriate designation of beneficiary form to Entergy." *Id.* at 4 ¶ 13; *see also* Rec. Doc. 35-3 (form). Four years later, Alvin remarried to Kathleen Mire. Rec. Doc. 28 at 4 ¶ 14. In 2021, Alvin died, survived by his second wife and four children. *Id.* at 4 ¶ 15. During his lifetime, Alvin never had Mire execute a surviving spouse waiver as to the Savings Plan's beneficiary. *Id.* at 8 ¶ 30.

Plaintiffs allege from the outset of Alvin's marriage to Mire the couple agreed to keep

---

[2] The Savings Plan can be found as an attachment to Entergy defendants' motion to dismiss. *See* Rec. Doc. 35-2. The Court may properly consider the Savings Plan document while ruling on Entergy defendants and T. Rowe Price's motions to dismiss because the Savings Plan document is referenced in plaintiffs' amended complaint and is central to the breach of fiduciary duty claim asserted. *See, e.g., Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 251 (5th Cir. 2009) (citing *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007)) ("[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.").

2

separate the property each entered the marital regime with. *Id.* at 6 ¶ 20. Nonetheless, at the Committee's directive, T. Rowe Price paid the Savings Plan funds to Mire after Alvin's death. *Id.* at 7 ¶ 26. Plaintiffs exhausted administrative challenges to the proper payee of funds. *Id.* at 8 ¶¶ 28–29. According to plaintiffs, the Committee stated its decision followed "the mandate of ERISA law to pay 401k proceeds" to a surviving spouse absent a valid waiver. *Id.* at 8 ¶ 30.

Plaintiffs no longer seek a different payee of the funds, instead now asserting breach of fiduciary duty against all defendants, who allegedly "all exercised discretionary authority over different aspects of the Entergy Savings Plan and are co-fiduciaries under ERISA law." *Id.* at 12 ¶ 44. As support, plaintiffs contend Entergy defendants were aware Alvin remarried but only provided information that his remarriage would invalidate his previous designation in "wholly inadequate, buried boilerplate language in lengthy 'summary plan descriptions' that contain no information regarding Alvin's investments." *Id.* at 7 ¶ 27, 11 ¶ 40. Further, plaintiffs insist that even though the Committee was the Plan Administrator, Entergy retained authority over the Savings Plan as Plan Sponsor. *Id.* at 10–11 ¶ 38. As to the Plan Trustee, plaintiffs argue that T. Rowe Price's Savings Plan statements "prominently display[ed]" Alvin's four children as equal primary beneficiaries, leading him to be "misled and misinformed" regarding the legal beneficiaries. *Id.* at 9–10 ¶¶ 33–36. In sum, plaintiffs allege defendants are solidarily liable as co-fiduciaries and request "an equitable surcharge under ERISA § 502(a)(3), in the form of monetary compensation." *Id.* at 13 ¶ 46, 14 ¶ 48.

Entergy defendants and T. Rowe Price individually seek dismissal of plaintiffs' amended complaint. *See* Rec. Docs. 35 and 37. Plaintiffs oppose. *See* Rec. Docs. 39 and 40.

**II.   LAW AND ANALYSIS**

  **A.   Motion to Dismiss Standard**

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal

3

of a complaint for failure to state a claim upon which relief can be granted. To survive a motion to dismiss under Rule 12(b)(6), a plaintiff's complaint "must contain 'enough facts to state a claim to relief that is plausible on its face.'" *Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (discussing Fed. R. Civ. P. 8(a)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 556 U.S. at 556).

When deciding whether a plaintiff has met its burden, a court "accept[s] all well-pleaded factual allegations as true and interpret[s] the complaint in the light most favorable to the plaintiff, but '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements' cannot establish facial plausibility." *Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 520 (5th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678) (some internal citations and quotation marks omitted). Plaintiffs must "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. A complaint does not meet the plausibility standard "if it offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted) (citing *Twombly*, 556 U.S. at 555).

Although motions to dismiss are evaluated by the content in the complaint, the United States Supreme Court has described the extent of possible evidence: "[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd*,

4

551 U.S. 308, 322 (2007) (citation omitted). Further, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000) (quotation omitted); *see also Lormand v. US Unwired, Inc.*, 565 F.3d 228, 251 (5th Cir. 2009) (citing *Tellabs, Inc.*, 551 U.S. at 322).

Here, plaintiffs reference in their complaint the Savings Plan, *see, e.g.,* Rec. Doc. 28 at 4 ¶ 12; Alvin's Designation of Beneficiary Form, *id.* at 4 ¶ 13; Summary Plan Descriptions, *id.* at 11 ¶ 40; the Committee's denial of benefit payments, *id.* at 8 ¶ 28; and the Savings Plan Claims Administrator's appeal denial, *id.* at 8 ¶ 29. All are central to the claim, and are attached to Entergy defendants' motion to dismiss. *See* Rec. Docs. 35-2–7. Thus, all are appropriately considered in these Rule 12(b)(6) motions.

### B. Breach of Fiduciary Duty Claim, ERISA Section 502(a)(3)

ERISA Section 502(a)(3) permits a plan participant to move for civil enforcement of a claim against an ERISA fiduciary. *See* 29 U.S.C. § 1132(a)(3). The action provides the participant with the possibility of injunctive relief or "other appropriate equitable relief [] to redress such violations." *Id*. The claim is distinct from one made under ERISA Section 502(a)(1)(B), which is expressly for enforcement of claim benefits. 29 U.S.C. § 1132(a)(1)(B) (providing a right of action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan"). Distinguishing the two actions available to an ERISA participant, the Supreme Court determined Congress created the fiduciary-related remedy as a "catchall" and "safety net, offering appropriate equitable relief for injuries caused by violations that § 502 does not elsewhere adequately remedy." *Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996).

On the other hand, the Court reasoned "where Congress elsewhere provided adequate relief

for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be appropriate." *Id.* at 512 (citation and internal quotation omitted). Thus, the Fifth Circuit has consistently held that a breach of fiduciary duty claim is available "when no other appropriate equitable relief is available." *Tolson v. Avondale Indus., Inc.*, 141 F.3d 604, 610 (5th Cir. 1998); *see also McCall v. Burlington N./Santa Fe Co.*, 237 F.3d 506, 512 (5th Cir. 2000) ("When a beneficiary wants what was supposed to have been distributed under a plan, the appropriate remedy is a claim for denial of benefits under § 502(a)(1)(B) of ERISA rather than a fiduciary duty claim brought pursuant to § 502(a)(3)."). Plaintiffs emphasize their action is for a breach of fiduciary duty under ERISA § 502(a)(3), not a claim for benefits. *See* Rec. Doc. 39 at 5.

### C. ERISA Fiduciary Status

It is axiomatic that a breach of fiduciary duty action must be made against a fiduciary. Both defendants Entergy and T. Rowe Price challenge plaintiffs' assertion that they are fiduciaries—and thereby possibly liable for a breach of fiduciary duty. Entergy is the Savings Plan Sponsor. Rec. Doc. 28 at 2 ¶ 3; Rec. Doc. 35-1 at 24–25. T. Rowe Price is the Savings Plan Trustee. Rec. Doc. 28 at 2 ¶ 5; Rec. Doc. 37-1 at 10.

Under ERISA, a person or entity can become a fiduciary if (1) named or designated fiduciary in the plan documents or (2) functioning as a fiduciary by exercising discretionary authority or control over the management of assets or operation of the plan. 29 U.S.C. § 1102(a)(2); 29 U.S.C. § 1002(21)(A). Strictly speaking, the Savings Plan does not name a fiduciary. However, in Summary Plan Descriptions, the Committee is designated as the Savings Plan Administrator. *See* Rec. Doc. 35-4 at 19 ("The Plan Administrator is the Employee Benefits Committee[.]"); Rec. Doc. 35-5 at 21 ("The Employee Benefits Committee as the Plan Administrator is the Plan fiduciary . . . ."). Under ERISA, a Summary Plan Description is a plan document required to be sent to participants. 29 U.S.C. § 1021(a). In resolving any differences between language in the

6

Savings Plan and Summary Plan Descriptions, the Fifth Circuit has held that "ambiguous plan language must be given a meaning as close as possible to what is said in the plan summary." *Manuel v. Turner Indus. Grp., L.L.C.*, 905 F.3d 859, 869 (5th Cir. 2018) (quotation cleaned up) (citing *Koehler v. Aetna Health Inc.*, 683 F.3d 182, 189 (5th Cir. 2012)). Accordingly, plaintiffs' complaint correctly describes the Committee as Plan Administrator. Rec. Doc. 28 at 2 ¶ 4 ("Defendant Entergy Corporation Employee Benefits Committee is the Plan Administrator for the Entergy Savings Plan.").

More significantly, the Committee possesses the functions of a fiduciary in both the Savings Plan and Summary Plan Descriptions. *See* Rec. Doc. 35-2 at 72–73 §§ 13.01, 13.04; Rec. Doc. 35-4 at 19 ("[The Committee] has discretionary authority to interpret Plan provisions, construe unclear terms, determine eligibility for benefits, and otherwise make all decisions and determinations regarding Plan administration."); Rec. Doc. 35-5 at 36 (same). The Savings Plan is broad in its delegation of administration power to the Committee, providing it "all powers necessary for such purpose[.]" Rec. Doc. 35-2 at 72 § 13.04. The Committee has "sole and exclusive discretion" over Savings Plan interpretation and is authorized to resolve eligibility questions. *Id.* at 72–73 § 13.04(a), (b). And as to its relationship with T. Rowe Price, the Committee has the power "to direct the Trustee concerning all payments that shall be made out of the Trust pursuant to the provisions of the Plan." *Id.* at 73 § 13.04(g). Thus, the Committee's status as a fiduciary is rightly uncontested. *See* Rec. Doc. 35-1 at 25 n.13. However, disagreement exists as to the status of Entergy and T. Rowe Price. *See, e.g., id.* ("Entergy is also not a proper defendant for a denial of benefits claim because the Plan establishes that the Committee, not Entergy, has authority and control over benefit determinations.").

1. **Entergy as Fiduciary**

As to Entergy, plaintiffs allege that a fiduciary duty is sufficiently pled because Entergy

7

"retained authority and discretion over the manner and methods of communicating with plan participants." Rec. Doc. 39 at 26 (citing Rec. Doc. 28 at 10–11 ¶ 38). The allegation, however, is factually unsupported and plainly conclusory. In addition to the broad powers delegated to the Committee for Savings Plan administration, the plan documents are explicit on the vehicle of communications:

> **The Committee** shall maintain all records required for the operation and administration of the Plan and **shall have the responsibility for filing all reports or other documents** required to be filed with governmental departments, agencies or bureaus **and for providing information and materials to Members and their Beneficiaries**.

Rec. Doc. 35-2 at 72 § 13.02 (emphasis added). There is no plan document to show Entergy retained communication methods to plan members and their beneficiaries.

Moreover, even if Entergy did possess such control over communications, that power is insufficient for the creation of fiduciary status. In clarification of the fiduciary issue, the Department of Labor considered the following question: "Are persons who have no power to make any decisions as to plan policy, interpretations, practices or procedures, but who perform the following administrative functions for an employee benefit plan, within a framework of policies, interpretations, rules, practices and procedures made by other persons, fiduciaries with respect to the plan: (3) Preparation of employee communications material; (4) Maintenance of participants' service and employment records; (7) Orientation of new participants and advising participants of their rights and options under the plan; (9) Preparation of reports concerning participants' benefits[?]" 29 C.F.R. § 2509.75-8. The answer was unqualified:

> No. Only persons who perform one or more of the functions described in section 3(21)(A) of the Act with respect to an employee benefit plan are fiduciaries. Therefore, a person who performs purely ministerial functions such as the types described above for an employee benefit plan within a framework of policies, interpretations, rules, practices and procedures made by other persons is not a fiduciary because such person does not have discretionary authority or discretionary control respecting management of the plan, does not exercise any

> authority or control respecting management or disposition of the assets of the plan, and does not render investment advice with respect to any money or other property of the plan and has no authority or responsibility to do so.

*Id.* As stated, *supra*, 29 U.S.C. § 1002(21)(A) finds fiduciary status in persons or entities exercising discretionary authority or control over the management of assets or operation of the plan. *See* 29 U.S.C. § 1002(21)(A). Based on the Savings Plan documents, the Committee—and not Entergy—exercises such fiduciary functions. Plaintiffs provide only conclusory statements to the contrary.

Further, plaintiffs' principal case in support of Entergy's fiduciary status is distinguishable. Citing Third Circuit caselaw, plaintiffs contend "[a]n ERISA fiduciary's responsibilities to retirees include communicating sufficiently accurate and comprehensive information that will reasonably apprise such retirees of their rights and obligations under the plan." Rec. Doc. 39 at 22 (citing *In re Unisys Corp. Retiree Med. Benefit "ERISA" Litig.*, 57 F. 3d 1255 (3d Cir. 1995)). In *In re Unisys Corporation*, a post-retirement medical plan sponsor was sued by former employers for breach of fiduciary duty. Adopting the findings of the district court, the Third Circuit found a breach of fiduciary duty as it related to the employer-sponsor's affirmative communication on the extent of the plan: "This is not a case where one or two low level benefits counselors told a few retirees that their benefits would continue for life. The message that medical benefits would last for life was confirmed repeatedly and systematically throughout the Sperry organization, by all levels of management, in writing and verbally." *In re Unisys Corp. Retiree Med. Ben. ERISA Litig.*, 57 F.3d at 1260. The actions led the district court to conclude that the employer was not merely sponsor but also plan administrator. *Id.* at 1261 at n.10. Further distinguishing the case from others involving communication, the appellate court found this claim "involved allegations that a breach of fiduciary duty had occurred because a plan administrator had affirmatively and materially misrepresented the terms of a plan." *Id.* at 1264.

The persuasive authority the Third Circuit opinion may provide is undercut by its distinct

9

circumstances. Plaintiffs do not allege Entergy affirmatively offered a misrepresentation of the need for a spousal waiver for alternate beneficiaries. In fact, as to Entergy, plaintiffs allege the misrepresentation occurred through Entergy's knowledge of Alvin's remarriage—not through its communication to the plan participant of an alteration of the clear waiver requirements in the Savings Plan and the Summary Plan Descriptions. Thus, *In re Unisys Corporation* is inapposite. Reviewing the pleadings in the light most favorable to plaintiffs, Entergy cannot be construed as a fiduciary. As other courts have decided, mere conclusory allegations are insufficient to hold an employer liable as a fiduciary. *See, e.g., Currier v. Entergy Corp. Emp. Benefits Comm.*, No. 16-2793, 2016 WL 6024531, at *7 (E.D. La. Oct. 14, 2016) (Africk, J.) (dismissing claims for breach of fiduciary duty and denial of benefits under ERISA against Entergy based on Entergy's argument that it was not an ERISA fiduciary); *Barrileaux v. Hartford Life & Acc. Ins. Co.*, No. 12-1542, 2014 WL 3778744, at *3–4 (E.D. La. July 29, 2014) (Morgan, J.) ("Plaintiff has not pointed to any 'hat' worn by [employer] which made it a fiduciary in any sense pertaining to Plaintiff's claim regarding his ineligibility for benefits under the LTD Policy."); *White v. HCA, Inc.*, 240 F. Supp. 2d 600, 603 (E.D. La. 2002) (Lemmon, J.) ("The role of [employer's] representative was ministerial and did not involve any discretionary authority to administer the plan.").

Further, as non-fiduciary, Entergy cannot be held liable for any possible knowing participation in an ERISA fiduciary breach. *See Mertens v. Hewitt Assocs.*, 508 U.S. 248, 253–54 (1993) ("[W]hile ERISA contains various provisions that can be read as imposing obligations upon nonfiduciaries . . . no provision explicitly requires them to avoid participation (knowing or unknowing) in a fiduciary's breach of fiduciary duty. It is unlikely, moreover, that this was an oversight, since ERISA does explicitly impose 'knowing participation' liability on cofiduciaries."); *Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 175 (holding, as distinct from knowing participation cause of action against nonfiduciaries at

common law, "[n]o comparable duty was set forth in ERISA"). Accordingly, dismissal of Entergy is appropriate.

### 2. T. Rowe Price as Fiduciary

The issue is even more straightforward as to trustee T. Rowe Price. The Savings Plan outlines the role of the trustee, who "shall be responsible solely for the investment and safekeeping of the assets of the Trust and shall have no responsibility for the operation or administration of the Plan." Rec. Doc. 35-2 at 70 § 11.01. Plaintiffs counter that "T. Rowe Price had discretionary control over the format, contents and information contained in its Entergy Savings Plan quarterly statements which it produced and sent to Alvin Martinez." Rec. Doc. 40 at 14.

Even if that were so—and plaintiffs' allegations are unsupported—such formatting control does not establish a fiduciary relationship under ERISA. As already indicated, federal regulations on the topic definitively rule out fiduciary status for those involved in the "[p]reparation of employee communications material" or the "[p]reparation of reports concerning participants' benefits[.]" *See* 29 C.F.R. § 2509.75-8. Discretionary administration of the fund—not clerical tasks—is the measure for a fiduciary duty. *See Lauga v. Applied Cleveland Holdings, Inc.*, No. 16-14022, 2018 WL 3495860, at *6 (E.D. La. July 20, 2018) (Milazzo, J.) ("The actions of MetLife were classic clerical functions that do not give rise to a fiduciary duty."); *Pegram v. Herdrich*, 530 U.S. 211, 226 (2000) ("In every case charging breach of ERISA fiduciary duty, then, the threshold question is not whether the actions of some person employed to provide services under a plan adversely affected a plan beneficiary's interest, but whether that person was acting as a fiduciary (that is, was performing a fiduciary function) when taking the action subject to complaint.").

T. Rowe Price's statements did not establish a fiduciary relationship with participants. Although the statements listed beneficiaries based on Alvin's 2010 Designation of Beneficiary Form, plaintiffs cite no caselaw to create a duty of proactive communication for T. Rowe Price.

11

Further, Alvin's submitted form itself clarifies the obligations of a participant who wishes to alter default beneficiary rules:

> If you are married, your entire vested account in the plan will be paid to your surviving spouse after you die, unless you designate someone else as your primary beneficiary and your spouse consents, by completing the Consent of Spouse section of this form. Your spouse's signature must be notarized. **If you become married or marry a different person after you sign this form, be sure to update this form because a later marriage will automatically revoke your prior beneficiary designation.**

Rec. Doc. 35-3 at 2 (emphasis added). Unfortunately for plaintiffs, Alvin never submitted a spousal waiver by Mire after their marriage. His failure to act—and T. Rowe Price's continued reliance on the information Alvin supplied—does not establish a breach of fiduciary duty as to T. Rowe Price. Taking the allegations in a light most favorable to plaintiffs, T. Rowe Price is properly dismissed from this action.

### D. Benefits Claim in Disguise

With the Committee as the lone fiduciary, Entergy defendants argue for the dismissal of the action on two alternate grounds: (1) that it is actually a benefits claim in disguise and (2) that it fails to state a breach of fiduciary duty claim. As to the Entergy defendants' first argument, plaintiffs aver their complaint "alleges that Entergy and Entergy EBC breached their duty by misrepresenting plan provisions and failing to inform Alvin adequately of the need to execute a spousal waiver form." Rec. Doc. 39 at 18 (citing Rec. Doc. 28 at 11 ¶ 40). Such an allegation, plaintiffs insist, is distinct from any claim for benefits. *Id.* Further, plaintiffs admit no benefits claim is possible: "The Martinez family acknowledges that, due to the absence of a spousal waiver, Entergy EBC was required by law to distribute the 401(k) proceeds to Martinez's surviving spouse, Kathleen Mire, in compliance with ERISA." *Id.* at 6.

As previously discussed, a breach of fiduciary duty claim is available "when no other appropriate equitable relief is available." *Tolson v. Avondale Indus., Inc.*, 141 F.3d 604, 610 (5th

Cir. 1998); *McCall v. Burlington N./Santa Fe Co.*, 237 F.3d 506, 512 (5th Cir. 2000). To Entergy defendants, because plaintiffs seek what would have been distributed from the Savings Plan, they actually raise a benefits claim in disguise. *See* Rec. Doc. 35-1 at 17. Although the complaint submits plaintiffs have "exhausted all administrative remedies, and their claim is now ripe for consideration by this Court," Entergy defendants counter that "administrative exhaustion is required before bringing a benefits claim, not a breach of fiduciary duty claim." *Id.* (quoting Rec. Doc. 28 at 7 ¶ 29; citing *Long v. Aetna Life Ins. Co.*, No. 14-403, 2014 WL 4072026, at *3 (E.D. La. Aug. 18, 2014)).

"Fiduciary claims amount to benefits claims when resolution of the claims rests upon an interpretation and application of an ERISA-regulated plan rather than on an interpretation and application of ERISA." *Galvan v. SBC Pension Benefit Plan*, 204 F. App'x 335, 339 (5th Cir. 2006) (quotation omitted). In application of that rule, parties disagree on the import of *Long v. Aetna Life Insurance Co.*, a dismissal of a plaintiff's claim against her plan administrator for failure to exhaust administrative remedies. *See Long v. Aetna Life Ins. Co.*, No. 14-403, 2014 WL 4072026 (E.D. La. Aug. 18, 2014) (Africk, J.). The plaintiff therein made both benefits and breach of fiduciary duty claims for the plan administrator's failure to "make a full and complete disclosure" of medical payment offsets and continued benefit payments. *Id.* at *5 n.50. In pertinent part, Judge Africk found the breach of fiduciary duty claim to be merely a benefits claim in disguise: "[The counts] representing fiduciary and equitable claims filed pursuant to 29 U.S.C. § 1132(a)(3) relate to the exact same conduct that forms the basis for plaintiff's § 1132(a)(1)(B) claim. Deciding these claims would clearly 'rest[] upon an interpretation and application of an ERISA-regulated plan rather than on an interpretation and application of ERISA.'" *Id.* at *5 (quoting *D'Amico v. CBS Corp.,* 297 F.3d 287, 291 (3d Cir. 2002)).

The issue before this Court is not as clear-cut as that in *Long*. The question of what a plan

administrator needs to communicate regarding a spousal waiver implicates, as an overarching matter, ERISA itself—not how and to what degree benefits continue amid provisions in a plan to account for offset payments. In that regard, Entergy defendants overstate their position. Further, as equitable relief is possible through a surcharge in the form of money damages, *see Cigna v. Amara*, 563 U.S. 421 (2011), plaintiffs' claim is not merely duplicative of their administrative denial of benefits. Plaintiffs do not merely present a benefits claim in disguise, but a breach of fiduciary duty in its own right.

### E.  Analysis of the Breach of Fiduciary Claim

Plaintiffs' claim, however, fails as a matter of law. To state a claim for the breach of fiduciary duty, a plaintiff must establish three elements: (1) the defendant made affirmative misrepresentations or failed to adequately inform plan participants and beneficiaries while acting in a fiduciary capacity; (2) the misrepresentation or inadequate disclosure was material; and (3) the plaintiff detrimentally relied on the misrepresentation or inadequate disclosure." *In re Unisys Corp. Retiree Med. Benefits ERISA Litig.*, 579 F.3d at 228; *see also Langbecker v. Elec. Data Sys. Corp.*, 476 F.3d 299, 305 n.9, 308 n.17 (5th Cir. 2007) (indicating that an ERISA misrepresentation claim includes a "reliance element").

As to the first, the Fifth Circuit has recognized a participant's duty to inform himself of plan provisions, refusing to hold a fiduciary liable for any possible confusion: "[A]bsent a specific participant-initiated inquiry, a plan administrator does not have any fiduciary duty to determine whether confusion about a plan term or condition exists. It is only after the plan administrator does receive an inquiry that it has a fiduciary obligation to respond promptly and adequately in a way that is not misleading." *Switzer v. Wal-Mart Stores, Inc.*, 52 F.3d 1294, 1299 (5th Cir. 1995) (citation omitted). Once inquiry has been made, then the plan administrator "has a fiduciary obligation to respond promptly and adequately in a way that is not misleading." *Id.* Nowhere do

plaintiffs allege Alvin made inquiry into the spousal waiver form—much less that the Committee responded in a way that was misleading.

Moreover, the content of the Savings Plan and Summary Plan Descriptions accurately disclosed Alvin's means of reordering the distribution of his funds if he married. The previously recited language on Alvin's Beneficiary Designation Form corresponded with the terms of the Savings Plan itself and the Summary Plan Descriptions:

> Naming Your Beneficiary— You may designate online the person(s) who should receive your account in the event of your death . . . . If you are married: your spouse is your beneficiary, unless your spouse agrees to your naming someone else as your beneficiary. If you wish to designate someone other than your spouse as your beneficiary, you must provide your spouse's notarized signature on the Savings Plan of Entergy Corporation and Subsidiaries Designation of Beneficiary Form . . . . Some Points on Naming a Beneficiary: [] **If you marry, your spouse automatically becomes your beneficiary, regardless of your previous designation, unless you provide your spouse's notarized signature on the Savings Plan of Entergy Corporation and Subsidiaries Designation of Beneficiary Form**.

Rec. Doc. 35-5 at 11 (Summary Plan Description) (emphasis added); *see also* Rec. Doc. 35-2 at 9 § 2.06 (Savings Plan) (definition of "beneficiary"). More significantly, all descriptions meet the disclosure requirements of ERISA. *See* 29 U.S.C. § 1055. The Fifth Circuit has directed courts not to broaden the language of ERISA provisions—and thereby a fiduciary's duty. *See Ehlmann v. Kaiser Found. Health Plan of Tex.*, 198 F.3d 552, 555–56 (5th Cir. 2000) (quotation omitted) (holding courts "should not add to the specific disclosure requirements that ERISA already provides" because "it would be strange indeed if ERISA's fiduciary standards could be used to imply a duty to disclose information that ERISA's detailed disclosure provisions do not require to be disclosed").

The Committee accurately relayed ERISA provisions regarding legal beneficiaries and election of spousal waivers. Why Alvin failed to seek his new spouse's waiver is a question that falls outside the evaluation of a breach of fiduciary duty claim. The Committee complied with its

15

fiduciary duty, and therefore, plaintiffs cannot succeed on any of the elements of the claim. As a matter of law, they fail to state a claim for breach of fiduciary duty.

### F. Futility of Amendment

In response to defendants' earlier motions to dismiss, plaintiffs amended their claims. *See* Rec. Doc. 28. However, as indicated above, the amended allegations fail to establish a claim for breach of fiduciary duty. As the Fifth Circuit has determined, further amendment to a complaint is futile where the deficiencies cannot be cured. *See Jones v. Greninger,* 188 F.3d 322, 327 (5th Cir.1999); *see also Juarez v. Short,* 84 Fed. App'x 420, 424 (5th Cir. 2003). Here, any amendment would be futile, requiring the action to be dismissed.

New Orleans, Louisiana, this 9th day of August, 2024

_____
SENIOR UNITED STATES DISTRICT JUDGE